### Edwin A. Wise, Appellee, v. City of Chicago and Carter H. Harrison, Mayor, et al., Appellants.

### Gen. No. 20,014.

1. BUILDING RESTRICTIONS AND REGULATIONS, § 1*—*what constitutes a block.* Where a city ordinance provides that no garage shall be built on a street where a certain per cent. of the buildings on both sides of the block are residences, a "block" is construed not to extend between two streets that completely cross the street in question, but to stop at a street running into it though not across it.

2. BUILDING RESTRICTIONS AND REGULATIONS, § 1*—*how consent to building of garage is determined.* Where a city ordinance provides that no garage shall be built on a street where a certain per cent. of buildings are residences unless certain frontage consents are obtained, the ruins left by a building destroyed by fire are not to be counted at all, a structure divided by frame partitions into three small shops is to be counted as one business building, a structure having two street numbers may be counted as one residence building, and a building at a corner having shops on the street level with their entrances on another street, but its main entrance on the street in question, may be counted as a flat building on the street in question.

3. BUILDING RESTRICTIONS AND REGULATIONS, § 1*—*when court buildings are to be considered in determining frontage consents.* Where a city ordinance requires a certain frontage consent to building a garage on a street having a certain per cent. of residences, and a court, extending from the street, is a front yard for residents, used in common for light and air, and egress and ingress to the street, two court buildings abutting on the street and two buildings at the rear of the court and facing the street are to be counted.

4. BUILDING RESTRICTIONS AND REGULATIONS, § 1*—*no estoppel from permit issued without authority.* Where a commissioner of buildings issued a permit for the erection of a garage and withdrew the permit after the owner had done preliminary erection work, the

---

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

owner not being entitled to a permit without having frontage consents, the city is not estopped from interfering with the erection.

Appeal from the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed November 20, 1913.

WILLIAM H. SEXTON, for appellants; LORING R. HOOVER and LEON HORNSTEIN, of counsel.

WEST & ECKHART, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Appellee filed a bill for an injunction, asking that appellants be enjoined from interfering with the construction of a garage at 6016-6018 Washington avenue, Chicago, which injunction was granted temporarily with bond. This injunctional order is before us on appeal.

The ordinance touching the building of a garage provides in substance that no garage shall be built on any street where two-thirds of the buildings on both sides of the street in the block are used exclusively for residence purposes, unless the consents of the majority of property owners, according to frontage, are obtained. By the word "block," as used in the ordinance, is meant only that part of the street lying between the two nearest intersecting streets, one on either side of the location of the proposed garage.

Some claim is made by appellants that the block in question extends along Washington avenue from East 60th street on the north to East 61st place on the south, and not to East 61st street, which is a street running into but not across Washington avenue from the west at a point approximately midway between East 60th street and East 61st place. The argument is that East 61st street, because it does not run across Washington avenue and continue eastward therefrom,

is not an intersecting street within the meaning of the ordinance.

The answers to this claim are (1) that appellants have stipulated that this is an intersecting street, and (2) where one street cuts into another street, as is the case before us, it intersects it, following the definition of the word "intersect" given in the dictionaries.

· The more serious question arises in the determination of the uses, character and location of the respective buildings on both sides of Washington avenue between East 60th street and East 61st street, in seeking to arrive at a conclusion as to what should be counted as used exclusively for residence purposes and whether the number of such buildings is two-thirds of those to be counted in the block.

We shall refrain from discussing the details of each building, our conclusion thereon being as follows: The ruins left from the destruction by fire of the property at the southeast corner of Washington avenue and 60th street should not in our opinion be counted either way. Numbers 6022, 6022½ and 6024, a one story structure which has been divided by frame partitions into three small shops, should be counted as one building used for business purposes. Numbers 6026 and 6028 should be counted as one building used exclusively for residence purposes; 6030 and 6032 also for residence purposes. We are of the opinion that 6038 and 6040 should be counted as one building occupied for residence purposes, and 6044 and 6046 as one building used for residence purposes. The building on the corner of East 61st street, being number 6050, should be counted as a building used for business purposes. While it is true that certain shops on the street level have their entrances on 61st street, yet the building is primarily a flat building with its main entrance on Washington avenue. The building across the street, number 6041-6043 is one building used for business, as is also the building at 6039. This leaves the count at this point as four buildings used exclusively for

residence purposes and four for business, so that the solution of the matter depends upon the conclusion as to how, if at all, the property and structures called Plaisance court shall be counted. This property has a frontage of two hundred feet on Washington avenue, its north line being immediately opposite the north line of the location of the proposed garage. Washington avenue at this point is forty feet wide. The Plaisance court property extends east about one hundred and fifty feet. A seventy-five foot strip of the north end and an eighty-five foot strip of the south end of said property are divided into lots about twenty feet in width, all fronting on the court, which is about forty feet wide, on each of which lots is a separate and distinct brick and stone two story dwelling, numbered as on Plaisance court. The two westerly dwellings abut on Washington avenue but they face on Plaisance court, one south and the other north. At the east end of said court are two separate stone dwellings facing across Plaisance court on Washington avenue. There are fifteen of such buildings on the court, and it is not denied that they are all exclusively used for residence purposes. On the Washington avenue end of the court is an iron fence with two gates to permit foot passengers access to the walk running around the court in front of the dwellings. Access to the rear of the buildings is had from alleys on the north and south sides of the property.

It is contended by appellee that none of these buildings should be counted for the reason, as is claimed, that they are not located on Washington avenue but on another street, which is called Plaisance court. As we view the matter, if it be true that Plaisance court is another street, then clearly appellee has no right to construct his garage at the place contemplated by him, for the ordinance forbids the construction of a garage in a street in which two-thirds of the buildings "on both sides of the street are used exclusively for residence purposes, or *within 100 feet of any such*

*street;"* and it is apparent that appellee's location is considerably less than one hundred feet from Plaisance court, in which court not only two-thirds but all of the buildings are used exclusively for residence purposes. This consideration completely answers any argument favorable to appellee based upon the contention that Plaisance court should be considered and treated as a separate street.

However, we should consider Plaisance court as what in fact it appears to be, namely, simply the front yard for these residents, used by them in common not only for light and air but as a means of egress and ingress to Washington avenue. In this view of the matter it is only reasonable to count at least the two buildings which abut on Washington avenue, and also the two buildings at the rear of the court which face on Washington avenue, which makes four buildings in the court. It might be well to consider that if the owner of these dwellings had built them fronting on Washington avenue, he would have been able to build ten buildings on his frontage of the same size as are these. We can perceive no equitable reason for holding that the dwellers in these buildings should not be counted in a question of this sort simply because their homes are arranged, with reference to Washington avenue, so as to give them certain front yard room and privacy which they would lack if fronting directly on the avenue. But even if it should be conceded, as we have indicated, that only four of these homes should be counted, these added to the other buildings give a result of twelve buildings in all, four of which are used for business purposes and eight of which are used exclusively for residence purposes; and eight is two-thirds of twelve. It therefore follows that under the provisions of the ordinances appellee was prohibited from building any garage on Washington avenue at this point until he had obtained the written consent of a majority of the property owners according to frontage on both sides of the street.

It is claimed that the Commissioner of Buildings at one time issued a permit for the erection of the garage, which was subsequently withdrawn after the appellee had negotiated a loan for the purpose of erecting the building and had entered into contracts and done some work. Appellee claims that by reason of these facts the city is now estopped from interfering with him. We do not agree with this contention. If, as we have seen, the appellee was not entitled to a permit to build his garage at the point proposed without consents, the Commissioner of Buildings was wholly without authority and power to grant him such a permit. The doctrine of estoppel does not apply where a city official has exceeded his authority in issuing a permit in violation of a city ordinance. *J. Burton Co. v. City of Chicago*, 236 Ill. 383; *Hibbard, Spencer, Bartlett & Co. v. City of Chicago*, 173 Ill. 91; *Meltzer v. City of Chicago*, 152 Ill. App. 334.

The above being our conclusion in the matter, it follows that appellee was not entitled to the temporary injunction granted by the chancellor, and the order will therefore be reversed and the cause remanded.

*Reversed and remanded.*