OKLAHOMA ALCOHOLIC BEVERAGE
CONTROL BOARD, Plaintiff in Error,

v.

Kallem Ellis NAIFEH, dba Western Dis-
tributing Co., Enid, Oklahoma,
Defendant in Error.

No. 40322.

Supreme Court of Oklahoma.

Jan. 21, 1964.

As Corrected Feb. 4, 1964.

Charles Nesbitt, Atty. Gen., F. Burck
Bailey, Asst. Atty. Gen., for plaintiff in
error.

Dennis L. Pope, Enid, for defendant in
error.

WILLIAMS, Justice.

On April 19, 1962, the Oklahoma Alco-
holic Beverage Control Board, plaintiff in
error, hereinafter referred to as Board,
issued its "Notice of Contemplated Suspen-
sion of License" directed to defendant in
error, hereinafter referred to as defendant.
Such notice alleged: "* * * That on
the 28th day of January, 1962, the above
named licensee did contribute and make a
gift of whiskey * * * to C. E. Metscher
* * * a retail licensee * * * and that
on the 31st day of January, 1962, the above
named wholesale licensee did pay * * * to
the Youngblood Hotel the sum of Sixty-
Seven Dollars and Thirty Cents * * *
in payment of an obligation created by the
above named C. E. Metscher for himself and
other licensees for meals and beverages."

After a hearing the Board issued its order
finding that defendant "donated alcoholic
beverages and other inducements. which are
prohibited and in violation of the Repeal
Act and the Rules and Regulations of the"
Board. Such order further provided that
defendant's license be suspended for three
days.

From such order defendant appealed to
the Superior Court of Garfield County.
Following a trial de novo such court entered
its judgment reversing and vacating such
order of the Board. In its judgment the
trial court found that defendant "did not
willfully intend to violate the said Okla-
homa Alcoholic Beverage Control Act as

provided by the Statutes, nor did he make a gift or contribution or other inducement, contrary to the law, as provided in Title 37 Oklahoma Statutes Annotated, Section 536 and the regulations of said Board."

After the overruling of its motion for a new trial, the Board perfected the present appeal.

The defendant testified that:

"I was in Mr. Metscher's store and he informed me that they were having a District meeting, through some conversation back and forth and said that they were going to have a few drinks and some hors d'oeuvres and would I pick up the tab. I agreed to do so."

Mr. Metscher testified:

"Well, Mr. Naifeh happened by the store one day * * * and we jokingly got around to this thing, because I didn't want to be too blunt about it with him, and I did finally kid him into telling me that he would pick up the check for them for something to drink.

*    *    *    *    *    *

"He came out to the store a day or two after that, as I remember it, and he wanted to know how I wanted to handle it, and I told him, 'well, why don't you just buy a case of whiskey and I will take it down to the meeting.' So, I just grabbed a little price book and just picked a case at random and told him how much it was and he paid me for it in cash.

*    *    *    *    *    *

" * * * we both knew that it was for this District Association meeting; basically, for the retailers of this whole district."

The statute, 37 O.S.1961, § 536, is plainly of effect that a wholesaler shall not grant free goods. It states: "(a) (1) It shall be unlawful for any person privileged to sell alcoholic beverages to wholesalers or retailers * * * (2) to grant, directly or indirectly, any discount, rebate, *free goods,* allowance or other inducements." (Emphasis ours).

That section further authorized the Board to promulgate rules to carry out the purpose of said section and to prevent its circumvention by offering or giving free goods. Such language is as follows:

"(b) The Board is hereby authorized to promulgate rules which are necessary: (1) To carry out the purpose of this Section and to prevent its circumvention by offering or giving of any rebate, allowance, *free goods,* discount or any other thing or service of value." (Emphasis ours.)

Pursuant to such direction, the Board promulgated Section 11, Article 1 of its Rules and Regulations. It reads: "No licensee shall donate alcoholic beverages for any purpose." Provisions for enforcing the foregoing section of the statute and the rules and regulations promulgated by the Board in connection therewith are set forth in paragraph "(c)" of the cited section of the statute. It provides: "For the violation of any provision of this Section or of any rule duly promulgated under this Section, the Board may suspend, cancel or revoke a license as follows * * *."

█ The language of Section 536 and the above quoted rule is plain. Whenever a licensee donates alcoholic beverages, regardless of the purpose or intent, he violates the statute.

█ The testimony of defendant and that of the retailer Naifeh shows that defendant donated a case of whiskey to the retailers for their district meeting. Such action by defendant was in direct violation of 37 O.S.1961 § 536, and the rules and regulations promulgated by the Board.

In the case of Lightle v. State, 5 Okl.Cr. 259, 114 P. 275, 277 and 278, is the following language:

"Joyce on Intoxicating Liquors, p. 722, § 680, states the law as follows: 'Where by statute an act is made an offense under the liquor laws without regard to the intent with which it is done, evidence of an intent is not material.' Black on Intoxicating Liq-

uors, p. 489, § 418, is as follows: 'Where a statute commands that an act be done or omitted which, in the absence of such statute, might have been done or omitted without culpability, ignorance of the fact or state of things contemplated by the statute will not excuse its violation.'

\* \* \* \* \* \*

"Our statute makes it a crime to sell, or to have possession for the purpose of selling the same, any spirituous, vinous, fermented, or malt liquors, or any imitation or substitute therefor, without regard to the intention with which such sale is made. If we were to sustain the contention of appellant, we would not only be going contrary to all of the authorities on the subject of police regulations, but we would place it in the power of any man who so desired to set the prohibitory liquor law of Oklahoma at defiance. He could simply say, 'I did not know or I had been misinformed as to a matter of fact,' and this would grant him perfect immunity from punishment. Every man is bound to take knowledge of the law, and, if he undertakes to sell prohibited liquor in Oklahoma, he does so at his peril \* \* \*."

The word willfully does not appear in 37 O.S.1961 § 536. The question as to whether a violation must be willful is not an issue in these proceedings. The attempted injection of a requirement prior to the imposition of disciplinary penalty that the granting of free goods be done in willful violation of statute or rule clearly was not authorized by the statute.

The action of the trial court is reversed and the order of the Board of May 7, 1962, is modified in that defendant's license shall be suspended for a period of three days commencing the second Monday after the finality of the mandate herein, and such order is reinstated as modified.

BLACKBIRD, C. J., HALLEY, V. C. J., and JOHNSON, JACKSON and IRWIN, JJ., concur.