In the Matter of Robert Allen WRAY, d/b/a G. & W. Liquor Store, License No. 9308, Plaintiff in Error,

v.

OKLAHOMA ALCOHOLIC BEVERAGE CONTROL BOARD, Defendant in Error.

No. 41420.

Supreme Court of Oklahoma.

May 14, 1968.

Rehearing Denied June 18, 1968.

Eph Monroe, Clinton, for plaintiff in error.

Burck Bailey, Asst. Atty. Gen., Oklahoma City, for defendant in error.

BERRY, Justice:

The question here presented is whether the Retail Liquor license of the holder-employer can be revoked because of a sale to a minor in violation of 37 O.S.1961 § 537(a), although made by an employee without knowledge of the holder-employer. The essential facts are established by the question posed and need no further elaboration.

In Oklahoma Alcoholic Beverage Control Act, 37 O.S.1961 § 501 et seq., referred to as the Act, § 537(a)(1) provides:

"Enumerated prohibited acts.—(a)

"No person shall:

(1) Knowingly sell, deliver, or furnish alcoholic beverages to any person under twenty-one (21) years of age; * * *."

Under § 514 of the Act, supra, the Alcoholic Beverage Control Board among other powers, is authorized to promulgate rules and regulations to carry out the purposes of the Act. At the time of violation involved in this appeal the Board, under § 514(2) had in force rules and regulations, including Art. I, Section 5, which provides:

"Licensees; Responsibility For Conduct Of Business And Of Employees. Licensees are at all times responsible for the conduct of their business and are at all times directly responsible for any act or conduct of any employee, which is in violation of the Act or the Rules and Regulations of the Board whether the licensee be present at any such time or not. This section is defined to mean that any unlawful, unauthorized, or prohibited act on the part of an agent or employee shall be construed as the act of the employer, and the employer shall be proceeded against as though he were present and had an active part in such unlawful, unauthorized, or prohibited act, and as having been at the employer's direction and with his knowledge."

From reading and comparing § 537(a)(1), supra, with Art. I, Section 5, it appears the former applies only to persons who knowingly make an illegal sale. The latter purports to make the employer responsible for any knowing act committed by an employee in violation of the Act, without regard to knowledge, precaution, safeguard, acquiesence, or negligence on the part of the employer.

In appealing from the Board's order of license revocation plaintiff in error, the employer, cites and relies upon our decision in Oklahoma Alcoholic Beverage Control Board v. Milam, Okl., 393 P.2d 823, urging the question decided was identical to the issue here presented and must control. We agree, and necessarily conclude the ruling in Milam, supra, is dispositive of this appeal.

The Board insists the Milam decision cannot control. It is argued that Milam, supra, no longer is applicable because the Board's order, suspending the holder of

a wholesale liquor permit, was entered prior to the effective date of the Administrative Procedures Act, 75 O.S.Supp.1961 §§ 301–325, inclusive. Further, legislative failure to disapprove any rule transmitted under provisions of such Act evidenced legislative approval of each rule. Upon this argument the Board concludes the rules created, because of the Administrative Procedures Act, must be accorded the same force and effect as a legislative enactment. No authority is cited in support of this conclusion.

■ The Board's argument that failure to disapprove [the rule] constituted legislative approval which gave the rule the force of law oversimplifies the matter. Before the rule can be considered to have " * * * a level of dignity equal to that of a statutory enactment" as is here contended, it is elementary the rule must be such as the Board was empowered to adopt. Whether authority extended the Board to promulgate rules and regulations [§ 514 (2) of the Act] authorized the rule declared in Art. I, Section 5, above, must be determined upon the basis of the legislative intent, derived from consideration of the entire Act.

■ The indisputable and obvious legislative intention was to prohibit sales of alcoholic beverages to persons under 21 years of age. Where legislative intent is clear from the entire statute words may be altered, modified or supplied in order to afford the statute the force and effect intended. Keck v. Oklahoma Tax Commission, 188 Okl. 257, 108 P.2d 162. The plain intention of the Act, and the particular sections involved, was to declare that licenses granted under the Act should be revoked when a licensee was shown to have sold alcoholic beverages to anyone, knowing such person to be under 21 years of age.

With this in mind, attention is directed to § 527 of the Act, which provides standards for licensure to handle alcoholic beverages. It is to be observed that licenses may be refused for a variety of conditions,

or qualifications, found to be lacking. The succeeding statute, § 528, then specifies grounds for suspension or revocation of any license granted in the following language:

"Revocation or suspension of license.

"(1) Any license issued hereunder shall, by order of the Board, after due notice and hearing: (a) be revoked, or suspended for such period as the Board deems appropriate, if the Board finds that the licensee has wilfully violated any of the provisions of this Act, or, (b) be suspended or revoked if the Board finds that the license was procured through fraud, or misrepresentation, or concealment of a material fact.

"(2) If the Board shall find by a preponderance of the evidence as in civil cases that the holder of a package store license has knowingly sold any alcoholic beverage to any person under the age of twenty-one (21) years, after a public hearing they shall revoke said license and no discretion as to said revocation shall be exercised by the Board."

The plain import of this language reflects legislative intent that the license shall be revoked if the "holder" sells alcoholic beverages to a person knowing the purchaser to be under 21 years of age. This subdivision thus provides the civil responsibility of the "holder" for violation.

However, the same violation is the first prohibited act enumerated under § 537(a) (1), quoted above. For such violation a severe criminal penalty is provided under § 538(f). Additionally, comparison of § 538, supra, and § 537 points up a notable distinction unequivocally declared by the Legislature. Under § 528, supra, only the holder of the license is specified as the party responsible and affected by sale to a person under 21 years of age. However, the criminal penalty, provided under § 538 (f), reaches any person who sells, furnishes or delivers alcoholic beverages knowing the recipient to be under 21 years of age. The penal provision encompasses any person guilty of violation as opposed to the "hold-

er" of the package store license above mentioned in § 528, supra.

Because of the mentioned considerations we are of the opinion the principles announced in Milam, supra, apply with equal force and are controlling here. Argument that Milam presently lacks application, because of the difference in factual circumstances, is not persuasive. In Milam we note specifically that the Legislature is presumed to have expressed its intent in the statute, and to have intended only that which was expressed. And, upon authority of National Bank of Tulsa Bldg. v. Goldsmith, 204 Okl. 45, 226 P.2d 916, we recognized as settled law that the Legislature can neither part with the right to exercise police power, nor redelegate to anyone the ultimate right to determine the circumstances and extent to which police power properly may be exercised. Also see Atchley v. Bd. Barber Examiners, 208 Okl. 453, 257 P.2d 302; Harris v. Alcoholic Beverage Control Appeals Board, 228 Cal. App.2d 1, 39 Cal.Rptr. 192.

The import of Art. I, Section 5 of the Rules and Regulations is to make a retail licensee responsible for any sale to a person under 21 years of age, as though committed in the licensee's presence and having been done at the employer's direction and with his knowledge. However, in a felony prosecution brought under § 538(f) the employer's [holder's] vicarious responsibility for the employee's violation could attach only upon proof the employer knowingly and intentionally aided, advised or encouraged the criminal act. This principle, said to possess the attributes of natural justice, is established firmly in our jurisprudence. 1 McClain On Criminal Law § 683; 22 C.J.S. Criminal Law § 84 and footnote cases cited.

Should the Board's interpretation of its powers, evidenced by adoption of § 5, supra, be upheld, a licensee tried for a felony violation under § 538(f) could defend that charge by proof that he did not knowingly or intentionally aid, abet or encourage the criminal act. However, in response to the same charge brought for license revocation under § 528, supra, responsibility would attach for the employee's unlawful act simply by force of the questioned rule. The confusion and injustice which would result plainly would be intolerable, and not in keeping with the legislative intent.

In Milam, supra, we pointed out that although licenses are personal privileges they are valuable privileges, and subject to revocation only in accordance with the provisions of the Act. And in that case it was noted that legislative intent was to extend the licensee some protection.

The offenses and penalties prescribed by the Legislature are exclusive. Although extended authority by the Act to promulgate rules and regulations the Board has no power to enact rules which impose different or additional rules for determining what shall constitute offenses, or decree penalties therefor. To enforce the rule involved would result in a confrontation with the more serious question as to constitutional authority of the Legislature to delegate this power. We hold the Board without authority to initiate this sanction which lies exclusively in the Legislature and is nondelegable. 1 Am.Jur., Adm.Law § 127; 73 C.J.S. Public Adm. Bodies and Procedure § 94; Casualty Reciprocal Exch. v. Sutfin, 196 Okl. 567, 166 P.2d 434; Boydston v. State, Okl., 277 P.2d 138.

Judgment reversed with directions to vacate the order of revocation entered by the Oklahoma Alcoholic Beverage Control Board on October 14, 1964.

JACKSON, C. J., IRWIN, V. C. J., and WILLIAMS, BLACKBIRD, LAVENDER and McINERNEY, JJ., concur.