OKLAHOMA ALCOHOLIC BEVERAGE CONTROL BOARD, Plaintiff-in-Error,

v.

Marcene Velma WELCH, Defendant-in-Error.

No. 41722.

Supreme Court of Oklahoma.

Oct. 22, 1968.

Charles Nesbitt, Atty. Gen., Joseph C. Muskrat, Asst. Atty. Gen., for plaintiff in error.

John B. Doolin, of Newcombe, Redman & Doolin, Lawton, for defendant in error.

DAVISON, Justice.

This is an appeal by the Oklahoma Alcoholic Beverage Control Board from a judgment of the lower court reversing an order of the Board which suspended the retail liquor license of Marcene Velma Welch for a period of fifteen days on the ground that she, by and through her employees, sold alcoholic beverages to two men who were at the time in an intoxicated condition. The Board does not contend and there is no evidence, that Welch personally knew of or participated in the sale in any way.

Welch was charged and the Board found she had violated 37 O.S.1961, §§ 537(a)(2), 538(g) of the Oklahoma Alcoholic Beverage Control Act, and Article 1, #19, of the Rules and Regulations of the Board.

Section 537(a) (2) provides under "Enumerated prohibited acts" that "No person shall: * * * Sell, deliver or knowingly furnish alcoholic beverages to an intoxicated person. * * *"

Section 538(g) provides under "Penalties" that "Any person who shall knowingly sell, furnish or give alcoholic beverage to an * * * intoxicated person shall be guilty of a felony, and shall be" fined not to exceed $1000, or imprisoned not to exceed one year, or both fined and imprisoned.

Article 1, § 19, of the Rules and Regulations, at the time of the alleged violation, provided that if it appeared to the Board by a preponderance of the evidence, that any retail package store licensee, or an employee thereof, has, as a result of gross carelessness, failure to make due inquiry, imprudence, or a wanton disregard of obvious legislative intent, sold or permitted to be sold to any intoxicated person any alcoholic beverage, "it shall be deemed to have been done knowingly by such retail licensee, or his employees," and made such licenses subject to suspension.

The Board also relies on Article 1, § 5, of its Rules and Regulations. This Rule was the subject of our decision in Oklahoma Alcoholic Beverage Control Board v. Milam, Okl., 393 P.2d 823, and is quoted therein. The effect of the Rule is to make the acts of the employees the acts of the licensee and charge the licensee with knowledge of any unlawful acts.

The Board contends that its rule (Art. 1, §§ 5 and 19) making licensees responsible for the unlawful acts of their employees, has been approved by the Legislature and represents the law of this State by reason of the Secretary of State having transmitted the rules in question to the Legislature under our Administrative Procedures Act, 75 O.S.Supp.1963, § 308(a), (d), (e), and the Legislature having failed to disapprove

the same by joint resolution within 30 days from such transmission.

The Board makes this contention for the purpose of supplying the element of "knowledge" on the part of the licensee Welch of the unlawful acts of her employees and thereby avoid the effect of our decision in the Milam case.

Title 75 O.S.Supp.1963, § 308(a), (d) and (e), supra, of our Administrative Procedures Act, provide that copies of the Rules and Regulations filed with the Secretary of State shall be transmitted by him to the Legislature; that the Legislature by joint resolution may disapprove any rule; and that failure to disapprove a rule within 30 days shall result in the approval of the rule by the Legislature. The Board concludes that, since the subject rules were not disapproved, the rules have legislative approval and must be deemed to be the law in Oklahoma. No authority is cited in support of this conclusion. The Board insists the decision in the Milam case is not applicable, because in that case the Board's order suspending the licensee was made prior to the effective date of the above cited provisions of the Administrative Procedures Act.

■ It is our opinion that, regardless of what may be the legal effect of a failure of the Legislature to express its disapproval, the Rules and Regulations adopted by the Board must initially be those that the Board was empowered to adopt.

In the Milam case, supra, the Board sought to suspend the license of a wholesale liquor dealer because of certain unlawful acts of his salesmen, including payment of rebates to retail liquor store operators. The wholesale licensee had no personal knowledge of the transactions. We held that 37 O.S.1961, § 528, providing that a license was revocable where the licensee had wilfully violated the Act, required a showing and finding that the licensee had *knowingly* violated the Act. We further held, for the reasons therein stated, that the Board had no authority to make Rules and Regulations which made the wholesaler's

license subject to suspension solely because of the acts of his salesmen, of which he had no knowledge and which he neither authorized nor condoned. The decision in the Milam case is applicable to the present case.

■ In Wray v. Oklahoma Alcoholic Beverage Control Board, Okl., 442 P.2d 309, the license of a retail liquor store operator was revoked by the Board because of sales of alcoholic beverage by his employees, of which the licensee had no knowledge, to persons under 21 years of age. We held that the Milam case was applicable and controlling and upon authority thereof, and for other reasons reversed the license revocation. Therein we stated as follows:

"Legislatively provided sanctions and penalties for violations of Oklahoma Alcoholic Beverage Control Act, 37 O.S. 1961, § 501 et seq., are exclusive, and Alcoholic Beverage Control Board, under legislative authorization to promulgate rules and regulations necessary to carry out purposes of the Act, lacked authority to adopt rules which placed licensee under greater burden of responsibility than imposed by legislative enactment."

■ The effect of the Board's Rules and Regulations, supra, as applied to the instant situation where the licensee had no knowledge of her employee's unlawful acts, is to amend the provisions of 37 O.S.1961, § 528, which requires wilful violation by the licensee, and make the wilful act of the employee the wilful act of the licensee.

■ The Legislature cannot delegate authority to an administrative board to amend or subvert a statute. Casualty Reciprocal Exchange v. Sutfin, 196 Okl. 567, 166 P.2d 434, and Application of State Board of Medical Examiners, 201 Okl. 365, 206 P.2d 211.

■ We can only conclude and hold that the Board has no authority to promulgate rules and regulations which make the license of a retail package store licensee subject to suspension solely because of the acts of his employees, of which he had no

knowledge and which he neither authorized nor condoned, without a showing and finding of wilful violation on the part of the licensee.

Affirmed.

All the Justices concur.