**OKLAHOMA ALCOHOLIC BEVERAGE
CONTROL BOARD, Appellant,**

v.

**Frank Harold MOSS, d/b/a Westville
Package Store, Appellee.**

**No. 45575.**

Supreme Court of Oklahoma.

April 24, 1973.

Larry Derryberry, Atty. Gen., Steven E. Moore, Asst. Atty. Gen., for appellant.

Jack E. Rider, Stilwell, for appellee.

HODGES, Justice.

The Oklahoma Alcoholic Control Board (Board) urges on appeal that the District Court in reviewing the order of the Board, erred in vacating its order in three instances: (1) by substituting its judgment as to the weight of the evidence for that Board's order was not supported by a pre- of the Board; (2) in finding that the ponderance of the evidence, when the court should have determined whether or not the Board's order was clearly erroneous in view of the evidence submitted; and (3) in finding that the order of the Board was in excess of its statutory authority.

Since the issue of whether the finding by the District Court that the order of the Board was promulgated in excess of its statutory authority is dispositive of the appeal, it is the only question which will be considered.

Frank Harold Moss, (licensee) was cited by the Board for violation of 37 O.S.1971 § 537(a)(1) of the Oklahoma Beverage Control Act, and Art. 1, § 19 of the Board's Rules and Regulations.

It is provided by 37 O.S.1971 § 537(a)(1) that:

"No person shall knowingly sell, deliver, or furnish alcoholic beverages to any person under twenty-one (21) years of age."

Article 1, § 19 of the Rules and Regulations of the Oklahoma Alcoholic Beverage Control Board provides in pertinent part:

"If at any time hereafter it is made to appear to this Board by a preponderance of the evidence, as in civil cases, that any retail package store licensee, . . . has as the result of carelessness, failure to make due inquiry, imprudence, or a disregard of obvious legislative intent, sold or permitted to be sold, . . . to any person under the age of twenty-one (21) years any alcoholic beverages, the license of such retail licensee . . . shall, after due notice and hearing, be suspended for such period of time as the Board or Director may determine . . ."

Proper notice was given and a hearing was held before the Director of the Board in compliance with 37 O.S.1971 § 529. The Director, after hearing the evidence, suspended the license of licensee for fifteen days. Licensee then appealed to the Board en banc, which affirmed the findings of fact and conclusions of law of the Director. Licensee appealed the order of the Board, which found that licensee had violated the statute and rule cited but did not make the specific finding that licensee had knowingly done so, to the District Court.

The court found the rule of the Board under which the license of the appellee was suspended for fifteen days was in conflict with 37 O.S.1971 § 528(2). We agree.

■■ It is specifically provided by 37 O.S.1971 § 514 that the Board may promulgate rules and regulations. However, there is a limit to the rule making authority of the Board. Before a rule can be considered to have a level of dignity equal to that of a statutory enactment, it is elementary the rule must be such as the Board was empowered to adopt. The legislature cannot delegate authority to an administrative board to subvert or amend a statute. Oklahoma Alcoholic Beverage Control Bd. v. Welch, 446 P.2d 268, 270 (Okl.1968); Wray v. Oklahoma Alcoholic Beverage Control Bd., 442 P.2d 309, 311 (Okl.1968); See also W. S. Dickey Clay Mfg. Co. v. Ferguson Inv. Co., 388 P.2d

300 (Okl.1963); Application of State Board of Medical Examiners (In re Nathan), 201 Okl. 365, 206 P.2d 211 (1949).

In the case of Boydston v. State, 277 P. 2d 138, 142 (Okl.1954), it was held:

"It is a generally accepted rule, and we think a wholesome one, that Boards created by statute may only exercise the powers granted by statute. Such Boards are usually granted authority to make rules for their various procedures, but this does not include the authority to make rules which in effect extend their powers beyond those granted and fixed by statute."

There is a specific statute applicable to revocation of license for sale to a minor. This statute, 37 O.S.1971 § 528(2) provides:

"If the Board shall find by a preponderance of the evidence as in civil cases that the holder of a package store license has knowingly sold any alcoholic beverage to any person under the age of twenty-one (21) years, after a public hearing they *shall* revoke said license and *no discretion as to said revocation shall be exercised by the Board.*" (Emphasis ours)

■ In the construction of statutes, the word "shall" is usually given its common meaning of "must" and interpreted as implying a command or mandate depending upon the construction of the statute as a whole and the intention of the Legislature, State v. Hunt, 286 P.2d 1088, 1090 (Okl. 1955). At page 1090 of this case, the court stated:

"In common, or ordinary parlance, and in its ordinary signification, the term 'shall' is a word of command, and one which has always, or which must be given a compulsory meaning; as denoting obligation. It has a preemptory meaning, and it is generally imperative or mandatory. It has the invariable significance of excluding the idea of discretion, and has the significance of operating to impose a duty which may be enforced,

particularly if public policy is in favor of this meaning or when addressed to public officials, or where a public interest is involved, or where the public or persons have rights which ought to be exercised or enforced, unless a contrary intent appears; but the context ought to be very strongly persuasive before it is softened into mere permission."

It is conceded by the brief of the Board that the director believed that the sale by licensee to the minor was the result of carelessness, and failure to make due inquiry on the part of the licensee in violation of the cited rules and regulations of the Board. This concession precludes the assertion that licensee knowingly sold alcoholic beverage to a minor.

Neither the director nor the Board made the specific finding that licensee knowingly sold alcoholic beverage to a minor, an offense requiring mandatory revocation. The Board based its suspension upon the rule which it had promulgated which allows suspension for carelessness, imprudence, failure to make due inquiry and the vague standard of disregard of obvious legislative intent. This rule provides the Board with authority to impose a lesser penalty on a licensee when it is unable to prove by a preponderance of the evidence that licensee knowingly sold alcoholic beverage to a person under the age of twenty-one.

■ Responsibility rests on the licensee to determine the age of the customer, but there must be some reasonable standard of diligence to bound his inquiry. Trader Jon, Inc. v. State Beverage Department, 119 So.2d 735 (Fla.App.1960).

■ Although a licensee is not an insurer against minors acquiring alcoholic beverages through fraud and misrepresentation, he may not ignore the obvious and in an ostrich-like manner repudiate his responsibility.

■ The reasonable man rule must be applied. See 5501 Hollywood v. Department of Alcoholic Bev. Con., 155 Cal.App.

2d 748, 318 P.2d 820, 824 (1957). There may be instances where the carelessness, imprudence, or failure to make due inquiry are of such a nature that licensee will be charged with notice and knowledge that the customer is a minor. Licensee should avoid the appearance of impropriety. Where the facts, circumstances, or appearance offer the slightest indicia of suspicion, the licensee should be alerted to question the customer, and make a deliberate effort to ascertain the age of his customer before any sale is consummated. If there is any doubt, the sale of alcoholic beverages must be refused.

■ The Legislature intended to extend to the licensee some protection in the area of license revocation. Revocation or suspension of licenses may be done only in accordance with the act. Oklahoma Alcoholic Beverage Control Board v. Milam, 393 P.2d 823, 827 (Okl.1964). See also Johnson v. Patterson, 470 P.2d 1019, 1020 (Okl.1970).

■ A license is a valuable privilege which should not be revoked lightly. Wray v. Oklahoma Alcoholic Beverage Control Board, 442 P.2d 309, 312 (Okl. 1968).

It is clear that the statute not only uses the mandatory word "shall", but explicitly sets forth the legislative intent that no discretion as to revocation may be exercised by the Board when it finds that licensee knowingly sold alcoholic beverage to a minor.

■ This court in interpreting 37 O.S. 1971 § 528(2) held in Wray v. Oklahoma Alcoholic Beverage Control Bd., 442 P.2d 309, 311, 312 (Okl.1968):

"* * * The plain intention of the Act, and the particular sections involved, was to declare that licenses granted under the Act should be revoked when a licensee was shown to have sold alcoholic beverages to anyone, knowing such person to be under 21 years of age."

"The offenses and penalties prescribed by the Legislature are exclusive. Al-though extended authority by the Act to promulgate rules and regulations the Board has no power to enact rules which impose different or additional rules for determining what shall constitute offenses, or decree penalties therefor."

See also Oklahoma Alcoholic Control Bd. v. Welch, 446 P.2d 268 (Okl.1968). The Board was without authority to make a rule in derogation of the statute providing for suspension of a license when the statute requires its revocation.

The judgment of the trial court is therefore, affirmed.

All Justices concur.