LIABILITY INSURANCE — DEPARTMENT OF WILDLIFE The Oklahoma Department of Wildlife Conservation is not authorized to purchase liability insurance coverage for its employees absent specific legislative provision therefor. The Attorney General has considered your request for an opinion regarding whether the Department of Wildlife has authority to purchase liability insurance coverage for employees. It is my understanding that you specifically are interested in liability insurance which would protect your employees; specifically game rangers, etc., from any liability which they might incur as a result of the performance of their official duties, including the enforcement of the game and fish laws. Article XXVI, Section 4 of the Oklahoma Constitution provides in relevant part that: "The fees, monies, or funds arising from the operation and transactions of said Wildlife Conservation Commission . . . shall be expended and used by said Commission for the control, management, restoration, conservation and regulation of the bird, fish, game and wildlife resources of the State, including the purchase or other acquisition of property for said purposes, and for the administration of the laws pertaining thereto and for no other purpose." On April 8, 1974, the new Wildlife Code became effective upon the signature of the Governor. Relevant provisions of the new Code provide as follows. Section 29 O.S. 3-103 [29-3-103](b) states: "In addition to the other powers and duties as herein defined, the Commission shall have the following specific powers and duties: * * * 4. To acquire, by purchase, . . . gift or devise, real property and personal property incident to the exercise of its functions and to maintain, operate and dispose of same." Section 3-105A(3) provides as follows the specific powers and duties of the Director of Wildlife Conservation: "3. To approve or disapprove and pay all legal claims for services rendered or expenses incurred by rangers and other employees of the Department in accordance with the schedules therefor and the rules and regulations previously adopted by the Commission." Section 29 O.S. 3-302 [29-3-302](c) provides as follows for the disposition of funds by the Commission: "All fees, monies or other funds arising from the operation and transactions of the Commission and from the application and administration of the laws and regulations pertaining to the wildlife resources of the state and from the sale of the property used for said purposes shall be expended and used by said Commission for the control, management, restoration, conservation and regulation of the wildlife resources of the state, including the purchase or other acquisition of property for said purposes, and for the administration of the laws pertaining thereto and for no other purposes." Section 29 O.S. 3-303 [29-3-303](a) provides: "The Commission may acquire, by purchase, gift, grants, grant from the federal government, or otherwise, all property or money necessary, useful or convenient for its use in carrying out the objects and purposes cf this code." The Oklahoma Court has held that, generally, boards created by statute may only exercise the powers granted by the statutes and their authority to make rules for the various procedures do not include the authority to make rules which, in effect, extend their powers beyond those granted by statute. Boydston v. State, 277 P.2d 138
(1955); Oklahoma Alcoholic Beverage Control Board v. Moss,509 P.2d 666, 668. The general rule that state commissions, boards, and agencies are deemed to have only that power or authority which is specifically given them by the Legislature is likewise applicable to the State Department of Wildlife Conservation notwithstanding the fact that that Department is a constitutional body. Section 3-307 of the Code specifically authorizes the Wildlife Commission to provide workmen's compensation insurance for the Director and all Department employees. There is no comparable authority in the Code relative to the purchase of liability insurance for Department employees. It has been held that legislative silence, when it has authority to speak, may be considered as giving rise to implication of legislative intent. City of Duncan v. Bingham, Okl., 394 P.2d 456 (1964). Prior opinions of the Attorney General considering the legality of state entities purchasing insurance have consistently held that such purchases, absent statutory authority therefor, are not authorized. Attorney General's Opinions No. 71-356, 72-165 and 73-265. It is, therefore, the opinion of the Attorney General that your question be answered in the negative. The Oklahoma Department of Wildlife Conservation is not authorized to purchase liability insurance coverage for its employees absent specific legislative provision therefor. (William Don Kiser) ** SEE: OPINION NO. 80-169 (1980) ** ** SEE: OPINION NO. 80-157 (1980) **