**Delmer COX, Appellant,**

v.

**The CITY OF OKLAHOMA CITY, Appellee.**

**No. M–82–536.**

Court of Criminal Appeals of Oklahoma.

Oct. 19, 1983.

**68**

Robert M. Beck, C.H. Spearman, Jr., Oklahoma City, Walter M. Powell, Municipal Counselor, Carl Walsingham, Asst. Municipal Counselor, Marc Pate, Legal Intern, Oklahoma City.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge:

The appellant, Delmer Cox, a dealer in precious metals and gems, purchased three (3) gold rings and filled out one form with the information, as required by the regulat-

1. Ordinance No. 16,149 reads in pertinent part as follows:
SECTION 5. RECORDS OF TRANSACTIONS
(a) Every dealer shall keep a tightly bound book or books, not looseleaf, with pages numbered in sequence, in which there shall be legibly written at the time of any transaction made with any person, involving the purchasing of any second-hand article containing in whole or in part, any precious metals or gems, the following information:
(1) An account and description of the items(s), articles(s), or thing(s) purchased, including if applicable, the manufacturer's name, the model, the model number, the serial number and any engraved number(s), initial(s) or marking(s);
(2) The amount of money involved in the transaction;
(3) The date and time of the transaction;
(4) The name and residence of the person involved in the transaction with the dealer,

ing ordinance of Oklahoma City. He failed to fill out a separate form for each item purchased, as provided by additional Oklahoma City Police Department instructions. He was charged, tried and convicted for violation of ordinance No. 16,149.[1]

On appeal he urges the requirement of the O.C.P.D., that a separate form be filled out for each item purchased, enlarged the provisions of the city ordinance and that a person of ordinary understanding could not know and understand that a failure to comply with the additional requirement constituted a violation of Section 5(b) of the ordinance. Although it is true that under the ordinance the city may require a purchaser to complete forms provided by the Police Department for each transaction, the requirement that a separate form must be filled out for each item purchased cannot be ascertained from the ordinance. Further, Officer Storey testified that the only place the requirement could be found was in supplementary instructions available at the Police Department.

Accordingly, the judgment and sentence is REVERSED and REMANDED with instructions to DISMISS.

CORNISH, J., specially concurring.

BRETT, J., concurs.

along with the person's date of birth and general physical description, including hair color and approximate height and weight, and Social Security number, driver's license number and a photograph of the seller or sellers, for identification purposes only, that shall be retained by the dealer.
(5) The signature of the seller.
(b) The book(s) required by this section shall be retained for a period of five (5) years on the premises of the second-hand precious metals business. Such book(s) shall be made available during regular business hours to any law enforcement officer. A full and accurate copy of the records required to be kept by this section shall be filed with the Police Department within 24 hours of the transaction on forms approved by the Police Department. Every entry in such books shall be made in ink and shall not in any manner be obliterated or erased.

CORNISH, Judge, specially concurring:

I too would reverse the judgment and sentence of the municipal court. Appellant was convicted for not reporting the purchase of several items of precious metals on separate forms. The ordinance only requires that transactions be reported within 24 hours on forms approved by the Police Department. This appellant did.

At trial, the City was allowed to introduce as evidence a copy of the Police Department's instructions, Plaintiff's Exhibit No. 2, for filling out the forms approved by the Police Department. The trial judge correctly instructed the jury that the instructions were "not part of the ordinance and is not to be interpreted as law." Instruction No. 6. Yet, only if the jury treated the instructions as a part of the law could the appellant have been convicted, for this is the only place that his conduct was prohibited. The court also instructed the jury, Instruction No. 5, that one element of the offense was that the Police Department provided forms and instructions for the proper registration of precious gems.

It cannot be said that the instructions, when considered as a whole, fairly and accurately state applicable law. *Green v. State,* 611 P.2d 262 (Okl.Cr.1980). The rules of the Police Department which expanded the requirements of the ordinance could not be used to define criminal conduct. Title 11 O.S.1981, § 14–101 provides that only the municipal governing body may enact ordinances, rules and regulations. The Police Department did not have authority to impose different or additional rules for determining what shall constitute offenses. *See Wray v. Oklahoma Alcoholic Beverage Control Board,* 442 P.2d 309 (Okl.Cr.1968). While the ordinance required that the forms used to report transactions were to be those approved by the Police Department, the requirement of using a separate form for each item purchased was a requirement beyond that prescribed by the municipality's governing body. Therefore, appellant's conduct did not violate a properly enacted ordinance, rule or regulation, and the judgment and sentence should be reversed and remanded with instructions to dismiss.