Dear Adjutant General, Ferrell
¶ 0 The Attorney General has received your request for an official opinion asking:
Under the terms of 44 O.S. 209 (1988) and 72 O.S. 48(1988), are the provisions for twenty calendar days for paidleave of absence for employees of the State, its subdivisions,and municipalities, for National Guard duty and Federal ArmedService active duty or service in a twelve-month period requiredto run concurrently with the federal fiscal year?
¶ 1 Title 44 O.S. 209 (1988) sets forth Oklahoma's provisions generally concerning leaves of absence by public officers and employees who are members of the National Guard:
 All officers and employees of the state, or a subdivision thereof, or a municipality therein, who are members of the National Guard, shall, when ordered by proper authority to active service, be entitled to a leave of absence from such civil employment for the period of such active service, without loss of status or efficiency rating, and without loss of pay during the first twenty calendar days of such leave of absence during any federal fiscal year. Neither the state, nor a subdivision thereof nor a municipality therein, shall be required to pay an officer or employee for more than twenty calendar days of such leave of absence in any twelve-month period.
¶ 2 Similarly, title 72 O.S. 48 (1988) sets forth Oklahoma's provisions generally concerning leaves of absence by public officers and employees who are members of the Federal Armed Services:
 All officers and employees of the state, or a subdivision thereof, or a municipality therein, who are members, either officers or enlisted men of the Reserve Corps of the Army, the Navy, the Marine Corps, the Coast Guard, the Woman's Auxiliary Corps, or any other component of the Armed Forces of the United States, shall, when ordered by the proper authority to active duty or service, be entitled to a leave of absence from such civil employment for the period of such active service without loss of status or efficiency rating and without loss of pay during the first twenty calendar days of such leave of absence during any federal fiscal year. Neither the state, nor a subdivision thereof nor a municipality therein, shall be required to pay an officer or employee for more than twenty calendar days of such leave of absence in any twelve-month period.
¶ 3 The military leave provisions of both 44 O.S. 209 (1981) and 70 O.S. 48 (1981) were amended by Enrolled House Bill No. 1650 of the 1988 Legislature by changing the term "calendar year" to the current term "federal fiscal year" as the period during which all officers, employees of the state or its subdivisions, or municipalities, who are members of the National Guard or who are in the Federal Armed Services, are entitled to a maximum of twenty calendar days for paid leave of absence from such civil employment for active duty or service. Also, new language was adopted which requires the state, any political subdivision or municipality to pay an officer or employee for no more than twenty calendar days of such leave of absence in any twelve-month period. Your question is whether the term "any twelve-month period" is intended to be coterminous with the term "federal fiscal year" as the period during which the leave of absence may be taken, and the employee be entitled to payment by the state, a subdivision thereof, or a municipality.
¶ 4 Obviously, to give meaning to the term "any twelve-month period" independently could mean that the "twelve-month period" would begin at any day in the year. However, to do so defeats the intent to uniformly make the "federal fiscal year" the period during which leave of absence is taken. Where legislative intent is clear from the entire statute, words may be altered, modified or supplied in order to afford the statute the force and effect intended. Midwest City v. Harris, 561 P.2d 1357 (Okla. 1977); see also Wray v. Oklahoma Alcoholic Beverage Control Bd.,442 P.2d 309 (Okla. 1968). In order to give effect to both terms, it is clear that the statute intends that "any twelve-month period" relate back to the term "federal fiscal year" and should be construed as any such twelve-month period of the federal fiscal year. This would permit an employee of the state, its subdivisions, or a municipality, to take twenty days leave of absence with pay at any time during the twelve-month period from October 1 to September 30, the federal fiscal year.
¶ 5 For example, it would be possible for an employee to take twenty days leave of absence in April of one calendar year and another twenty days leave of absence the following November, which would fall in another fiscal year. Although this would be a total for forty days in one calendar year, the employee would be entitled to leave with pay for both periods since each total of twenty days would fall in separate federal fiscal years.
¶ 6 It is, therefore, the official opinion of the AttorneyGeneral that under the terms of 44 O.S. 209 (1988) and 72O.S. 48 (1988), employees of the state, its subdivisions, andmunicipalities are entitled to paid leaves of absence forNational Guard duty and Federal Armed Service active duty orservice for a total of twenty calendar days in a twelve-monthperiod, such period to run concurrent with the federal fiscalyear.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
WILLIAM J. HOLMES ASSISTANT ATTORNEY GENERAL