Dear President Satterfield,
¶ 0 This office has received your request for an official Attorney General Opinion asking, in effect, the following question:
May the Oklahoma Student Loan Authority provide collegescholarships?
¶ 1 The Oklahoma Student Loan Act at 70 O.S. 1991 and Supp.1996, §§ 695.1-695.21, adopted in 1972, is the enabling legislation for the Oklahoma Student Loan Authority ("the Authority"). The Authority is a trust agency charged with providing guaranteed student loan funds pursuant to federal requirements to qualified students in higher education. 70 O.S.1991, § 695.3[70-695.3]. It issues tax-free bonds in order to underwrite loans insured by the United States government, to be repaid through funds received by the Authority from the student as well as guarantee funds received from the federal government. 70 O.S.1991, §§ 695.3[70-695.3], 695.7 and Supp. 1996, § 695.9. Money received as repayment of student loans, and interest thereon, are credited to the Student Loan Sinking Fund and may be invested in federally or bank guaranteed obligations or certificates, secured certificates of deposit or State bonds. 70 O.S. 1991, §§ 695.12[70-695.12], 695.13. The Authority is directed to pay from the Student Loan Sinking Fund the principal and interest on the bonds as they mature and come due. 70 O.S. 1991, § 695.12[70-695.12]. The Authority is authorized to adopt rules and regulations as deemed necessary for the governing of the Authority and the discharge of its duties, and "may do all things necessary or convenient to make the Authority effective for the purpose for which it is created." 70 O.S. 1991, § 695.4[70-695.4]. The trustees owe a fiduciary responsibility to the State of Oklahoma as beneficiary of the trust's interests, but the funds in question are not "public funds" collected by the State from its taxpayers. 60 O.S. 1991 and Supp. 1996, §§ 176-180.4; 70O.S. 1991, § 695.3[70-695.3]; A.G. Opins. 86-70, 86-131.
¶ 2 The program you contemplate would invest retained earnings of the Authority in a guaranteed investment contract and spend the interest earnings each year for scholarships.
¶ 3 Nothing in the Oklahoma Student Loan Act specifically authorizes the distribution of the Authority's funds as scholarships or grants. The only permissible expenditures are (1) to students and their schools in the form of loans with a requirement of repayment, 70 O.S. 1991, §§ 695.5[70-695.5], 695.7; (2) to bond holders, 70 O.S. 1991, § 695.3[70-695.3]; and (3) as may be "necessary or convenient to make the Authority effective for the purpose for which it is created." 70 O.S. 1991, § 695.4[70-695.4]. Excess funds are to be invested under Section 695.13, and the income from those investments are to be credited back to the Student Loan Sinking Fund. 70 O.S. 1991, § 695.13[70-695.13](C).
¶ 4 This office has previously stated that the Authority could not make student loans which were not insured under Title IV of the Higher Education Act of 1965, 20 U.S.C. § 1070. Attorney General Opinion 85-3 concluded that the Authority was not able to participate in student loan programs which were only 80 percent federally guaranteed, and not 100 percent guaranteed. In this instance, your proposal has even less statutory authorization than would the 80 percent guaranteed loan which was disallowed in the 1985 Opinion.
¶ 5 The Oklahoma State Regents for Higher Education are specifically authorized to "establish, award and disburse scholarships and scholarship funds and rewards for merit from any funds available for such purpose." 70 O.S. 1991, § 3206[70-3206](i). The Legislature also created a forgivable loan program through the State Regents. 70 O.S. Supp. 1996, § 698.2[70-698.2]. Other State agencies, such as the Physician Manpower Training Commission at70 O.S. 1991 and Supp. 1996, §§ 697.1-697.20; the Board of Chiropractic Examiners at 59 O.S. 1991, § 161.16[59-161.16]; the Will Rogers Memorial Commission at 53 O.S. 1991, § 47.4[53-47.4](B); and the Native American Cultural and Educational Authority of Oklahoma at74 O.S. Supp. 1996, § 1226.14[74-1226.14], are expressly authorized by statute to tender scholarship funds. No such specific authorization exists in the Oklahoma Student Loan Act.
¶ 6 You raise in your inquiry the possibility of promulgating rules to authorize the scholarship program. As has been noted, the Authority is empowered to adopt rules and regulations to effectuate its purposes. Generally, an agency has such express and implied "powers as are necessary for the due and efficient exercise of the powers expressly granted" by statute, or which "may be fairly implied from the statute." Marley v. Cannon,618 P.2d 401, 405 (Okla. 1980) citing Oklahoma Tax Commission v.Fortinberry Co., 207 P.2d 301 (Okla. 1949). However, State agencies have only those powers which are granted to them by statute, and an agency may not by rule expand its powers beyond those granted by statute. Oklahoma Alcoholic Beverage ControlBoard v. Moss, 509 P.2d 666, 668 (Okla. 1973). The Authority may not grant unto itself the power to give scholarships when its enabling statutes are devoid of any reference to such programs. No such authority can be inferred from the clear statutory mandate. Nor can it be concluded that it would be necessary or convenient for the Authority to make such scholarships, or that such programs assist the Authority in becoming more effective for the purpose for which it is created. 70 O.S. 1991, § 695.4[70-695.4].
 ¶ 7 It is, therefore, the official Opinion of the AttorneyGeneral that:
1. The Oklahoma Student Loan Authority is not authorized underthe Oklahoma Student Loan Act, 70 O.S. 1991, §§ 695.1-695.21,to create and operate a scholarship program.
2. The Oklahoma Student Loan Authority cannot lawfully create ascholarship program through its rulemaking process.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
WALTER W. JENNY, JR. ASSISTANT ATTORNEY GENERAL