2003 OK CIV APP 23

JARBOE SALES COMPANY, an Oklahoma partnership; Elton A. Vilines, d/b/a Premier Liquors & Wines Wholesale; Action Wholesale Liquors, an Oklahoma partnership; Central Liquor Company, an Oklahoma partnership; Al J. Horton c/b/a Dixie Liquor Company; and Paul W. Dudman d/b/a Sterling Wine & Spirits, Plaintiffs/Appellees,

v.

OKLAHOMA ALCOHOLIC BEVERAGE LAWS ENFORCEMENT COMMISSION, Defendant/Appellant.

No. 96,768.

Court of Civil Appeals of Oklahoma, Division No. 3.

July 19, 2002.

Rehearing Denied Aug. 16, 2002.

Certiorari Denied Feb. 18, 2003.

---

John B. Jarboe, Jarboe and Stoermer, Tulsa, OK, for Plaintiff/Appellees.

1. 37 O.S.2001 § 501 et. seq.

W. Kurt Morgan, Oklahoma City, OK, for Defendant/Appellant.

Kenneth R. Nance, Oklahoma City, OK, for Amicus, Bryan Gambulos, An Independent Retailer.

Opinion by CAROL M. HANSEN, Presiding Judge.

¶ 1 The alcoholic beverage industry is a highly regulated industry. By mandate of U.S. Const., Amend. XXI, regulation of this industry within each state is the province of that individual state. Okla. Const. Art. XXVIII, § 1 creates the Alcoholic Beverage Laws Enforcement Commission, (ABLE), replacing the Oklahoma Alcoholic Beverage Control Board (Board). The stated purpose of ABLE is to enforce the alcoholic beverage laws of the State. This section grants ABLE the power and authority to enforce such laws, rules and regulations as shall be prescribed by the Legislature. Section 3 authorizes the Legislature to enact laws providing for the strict regulation, control, licensing, and taxation of the manufacture, sale, distribution, possession, and transportation of alcoholic beverages. Section 3 also requires manufacturers to sell such brands or kinds of alcoholic beverages to every licensed wholesale distributor who desires to purchase the same, on the same price basis and without discrimination. This section does not, however, make the same requirement of wholesalers in relation to their sales to retailers.

¶ 2 The Legislature delegated broad authority to ABLE to regulate all phases of sale, distribution and possession of intoxicating liquor in order to carry out the purposes of the Oklahoma Alcoholic Beverage Control Act,[1] (the Act). Section 514(2) of the Act empowers ABLE to promulgate rules and regulations to implement these purposes. Pursuant to this authority, ABLE adopted a rule[2] that in essence requires a wholesaler to fill and ship orders to retailers in the sequence in which they are received by the wholesaler. Otherwise, the wholesaler is deemed to have discriminated among retail

2. Article 3, § 2(a) and (c)(6) of the Rules and Regulations of the ABLE Commission.

licensees. This rule has been in place for 30 years.

¶ 3 The above-named plaintiffs, who are wholesale wine and spirits distributors licensed by ABLE, filed this action in Tulsa District Court seeking a declaratory judgment declaring the above rule exceeds ABLE's constitutional and statutory authority, and thus is void and of no effect. Plaintiffs alleged this rule places a greater burden of responsibility on them than that intended or imposed by the Act.

¶ 4 ABLE filed its answer denying its rule exceeded its authority under the Act and the Oklahoma Constitution. After extensive briefing, but without introduction of either evidence or testimony, the trial court agreed with Plaintiffs and issued the declaratory judgment, finding the rule was invalid and unenforceable on the grounds ABLE "exceeded its authority in requiring a licensed wholesaler to fill and ship orders of retail, mixed beverage, caterer or special event licensees for alcoholic beverages in the sequence and order in which such purchase orders were received." ABLE appeals.

¶ 5 Title 37 O.S.2001 § 536 states:

A. It shall be unlawful for any person privileged to sell alcoholic beverages to *wholesalers or retailers:*

1. To discriminate, *directly or indirectly,* in price between one wholesaler and another wholesaler or between one retailer and another retailer purchasing alcoholic beverages bearing the same brand or trade name and of like age and quality; or

2. To grant, *directly or indirectly,* any discount, rebate, free goods, allowance or *other inducement.*

B. The Alcohol Beverage Laws Enforcement Commission is hereby authorized to promulgate rules which are necessary to carry out the purpose of this section to *prevent its circumvention by offering or giving of any rebate, allowance, free goods, discount or other thing of service or value;* * * * * (emphasis supplied)

¶ 6 Plaintiffs convinced the trial court this section only prevented discrimination *in price* in sales to retailers. Any other discrimination, they claim, is not unauthorized by the Oklahoma Constitution or the Act. Plaintiffs cite *Oliver v. Oklahoma Alcoholic Beverage Control Board,* 1961 OK 9, 359 P.2d 183. In that decision the plaintiffs sought a writ of prohibition prohibiting the Board from enforcing a regulation stabilizing prices of alcoholic beverages. The Supreme Court stated no power to fix or set prices of alcoholic liquors at retail is specifically delegated or granted by the Legislature to Board. Any authority must be shown to have been *intended* to be delegated by the Legislature, such intent to be obtained from the Act itself. However, that decision also reiterates the fundamental rule of statutory construction to ascertain and, if possible, give effect to the intention or purpose of the Legislature in the statute and to carry out that intention and policy as expressed in the statute. ABLE, on the other hand, emphasizes the intent of the Legislature, as reflected in the Act, is to prevent discrimination and monopolization.

¶ 7 ABLE [3] further argues the trial court based its decision solely on the inclusion of the word "price" to the exclusion of the words "directly or indirectly", "other inducement", and "any other thing or service of value." It also points out the Legislature has amended the Act several times since the rule was promulgated without questioning the validity of the rule or modifying it by statute. We agree this argument is persuasive.

¶ 8 In *Oral Roberts University v. Oklahoma Tax Commission,* 1985 OK 97, 714 P.2d 1013, the Supreme Court held the Legislature adopts an administrative construction of a statute when, subsequent to such construction, it amends the statute or reenacts it without overriding such construction. The Supreme Court of Oklahoma has long held the policy of law expressed by the Legislature in the Act is, that within the framework of strict regulation, the commercial aspects of the liquor industry of this state shall be operated under the conditions of free and unrestricted competition. *State*

---

**3.** The Amicus brief of Byron Gambulos also emphasizes this argument.

v. *Parham,* 1966 OK 9, 412 P.2d 142. ABLE suggests, without this rule, Plaintiffs could discriminate among retailers, particularly concerning products in short supply where there is not enough of the product available to fill all retail orders. For these products, ABLE argues, retailers could not acquire the same product at essentially the same price from any licensed wholesaler in the state. The wholesalers could sell the short supply product only to their favored retailers and could use the short supply to induce retailers to do business with them. This certainly circumvents the *Parham* standard of free and unrestricted competition and indirectly discriminates in price.

¶ 9 *Parham* also holds the general purpose of §§ 533 [4] and 536 is "the prevention of any tendency toward monopoly, or the control of the industry by any segment or special interest group, with the resulting destruction of competition." *Parham* dealt with a rule of the ABC Board making illegal voluntary franchising in the liquor industry. Likewise, in *Gambulos v. Oklahoma Alcoholic Beverage Control Board,* 1966 OK 148, 416 P.2d 959, the Supreme Court upheld the ABC [5] Board's requirement that wholesalers adhere to posted prices for a certain period of time although there was no statutory provision which specifically authorized such price posting. It reaffirmed the broad powers granted to the board.

¶ 10 Clearly, the Commission may not enact a rule that directly contravenes a statute such as was done in the cases cited by Plaintiffs.[6] But here, not only does the rule not contravene a statute, it carries out a Legislative policy long in place and untouched by the Legislature. Under *Parham,* ABLE's rules need not be specifically authorized by statute. The rules must generally reflect the intent of the Legislature. Although § 536 could be strictly construed to reflect the views expressed by Plaintiffs, it must be construed to reflect the anti-discriminatory policy of the Act not to allow any type of franchising or discrimination, either directly or indirectly, in order to promote free and unrestricted competition.

¶ 11 Accordingly, the order of the trial court declaring as unauthorized ABLE's rule requiring wholesalers to fill orders from retailers in the order in which they are received is REVERSED.

ADAMS, J., and MITCHELL, J., concur.

---

4. Section 533 requires manufacturers to sell to wholesalers on the same price basis and without discrimination or inducements. This section apparently is aimed at prohibiting wholesalers from having an exclusive franchise on any brand of alcoholic beverages.

5. By constitutional amendment, in 1984, the ABLE Commission replaced the ABC Board.

6. *Oklahoma Alcoholic Beverage Control Board v. Milam,* 1964 OK 54, 393 P.2d 823; *Wray v. Oklahoma Beverage Control Board,* 1968 OK 72, 442 P.2d 309; *Oklahoma Alcoholic Beverage Control Board v. Welch,* 1968 OK 150, 446 P.2d 268; *Oklahoma Alcoholic Beverage Control Board v. Moss,* 1973 OK 45, 509 P.2d 666.