601 P.2d 88 (1979)
Ben GOODIN, Treasurer of LeFlore County, Oklahoma, Board of Education of Independent School District No. 3 of LeFlore County, Oklahoma, Charles Wilson, Charlene Holt, Harold Meeh, Dan Kelly and Barton Bates, in their official capacity as Board Members of said school district, Board of Education of Independent School District No. 16 of LeFlore County, Oklahoma, James Ward, Don Green, Carl Raines, Harold Brown and H.R. Steelman, in their official capacity as Board Members of said school district, Board of Education of Independent School District No. 62 of LeFlore County, Oklahoma, Kenneth Rose, S.A. Ritter, Ernest Putman, James Smalling and L.D. Holt, in their official capacity as Board Members of said school district, Board of Education of Independent School District No. 52 of LeFlore County, Oklahoma, Bill Morgan, Paul Massey, Donald Moon, Frank McCauley and David Reddick, in their official capacity as Board Members of said school district, Board of Education of Independent School District No. 14 of LeFlore County, Oklahoma, and C.L. Wickware, Theo Kelly, Jr., and Clyde Steelman, Jr., in their official capacity as Board Members of said school district, Appellees,
v.
BOARD OF EDUCATION OF INDEPENDENT SCHOOL DISTRICT NO. 14 OF McCURTAIN COUNTY, Oklahoma, and Lester Ray Wilson, Henry Bruce, Leon Bohanon, Melvin Williams and Edgel Phillips, in their official capacity as Board Members of said school district, Appellants.
No. 51596.
Supreme Court of Oklahoma.
June 12, 1979.
Rehearing Denied October 29, 1979.
Terry Amend, Dist. Atty., Poteau, for appellee, Ben Goodin.
Hamilton & McBee by James E. Hamilton, Poteau, for appellees, LeFlore County School Districts.
McClendon & McClendon by Jim McClendon, Broken Bow, for appellants.
*89 HODGES, Justice.
The question presented is: when a school district which is not contiguous to a federal reserve is annexed to schools which are contiguous to the forest reserve, may the statutory rentals be apportioned to the annexing school district based on the total scholastic population of both former districts, or should the combined districts be denied a proportionate share of the rentals because the annexing school is not located in the same county as the annexed schools? The appellant, Smithville School District of McCurtain County, alleges the district court erred in refusing to find it was entitled to a proportionate share of the forest reserve fund held by the appellee, County Treasurer of LeFlore County.
The county treasurer brought an action for declaratory judgment for the purpose of construing 62 O.S. 1971 § 326,[1] relating to the disbursement of rentals from forest reserves. The statute provides that twenty-five percent (25%) of all monies received from the county's share of rentals from the *90 forest reserves located in the county should be apportioned among the various school districts of the county situated and located contiguous to the forest reserves according to the scholastic population thereof. The trial court held that, because Smithville was located in McCurtain County, it did not qualify to receive the funds, and that the county treasurer had no authority to transfer funds to a McCurtain County school district.
It was stipulated by the parties that: the county treasurer of LeFlore County has not disbursed any forest rental funds to the Smithville School; the dependent school districts, Zafra District No. 93 and Octavia District No. 61, were annexed to the Smithville School District in June of 1968; prior to the annexation of the Zafra School and the Octavia School, these schools were located contiguous to the forest reserve land in LeFlore County.
Under the appropriate federal statute, 16 U.S.C. § 500,[2] the state is free to apply federally granted funds in any manner as long as the specified purposes of the statute of providing and maintaining schools and roads are met. The question of beneficial use of the money is left to the discretion of the state legislature.[3]
There is no question that the two dependent school districts located in LeFlore County were contiguous to a forest reserve.
In construction of statutes, the legislative intent must govern and, to arrive at that intent, the entire statute must be considered together with all other enactments on the same subject.[4] It is provided by the Oklahoma School Code, 70 O.S. 1971 § 7-105, that all liabilities, assets, powers and duties of districts which are annexed shall become the responsibility of the new school district, and that the district shall become the legal successor in every respect to the school districts participating in the annexation. It is further provided by 70 O.S. 1971 § 7-107 that the title to land and buildings shall be vested in the receiving district.
Annexation is the act of attaching, binding, adding, uniting, or joining one thing to another. It generally involves the connection of a subordinate or smaller thing with a larger or principal thing.[5] Contiguous is defined as being in physical contact, touching, near or adjoining. School districts are contiguous in the sense that they touch each other and all are included within an unbroken boundary line.[6]
The purpose of the legislature was to provide funds for schools and counties located adjacent to federal reserve lands. After the annexation, the Smithville School District absorbed land in LeFlore County and, although the Smithville School is located in McCurtain County, many of its pupils for which it has the responsibility of providing pedagogical facilities reside in LeFlore County. These students should not be deprived of the educational funds which they had previously received because of the annexation.
This is a case of first impression in Oklahoma. However, the Attorney General in Opinion No. 69,171 answered a similar *91 question. The Attorney General's opinion held that when any school district, whether it is contiguous to a federal forest reserve or not, is annexed to a school district which is contiguous to a forest reserve, the rentals pursuant to 62 O.S. 1961 § 326, should be apportioned to the annexing school district based on the total population of both former school districts. Although we are not bound by opinions of the Attorney General, and the final construction lies with this Court, we accord great weight to the opinion concerning construction of statutes.[7] In this instance, we agree with the opinion of the Attorney General that once an annexation has been approved by the electors of the district, the order of annexation made and the time for filing an appeal has expired, the annexing district and the annexed portion become one school district. The entire school district then becomes contiguous to the federal forest reserve and the rentals from the forest reserve should be apportioned on the total scholastic population of the newly formed district comprising the annexing district and the annexed district.
It is asserted by the county treasurer that he does not have the authority to disburse funds to another county. However, it is argued by the school district that there is an abundance of authority for disbursement of the monies received as rentals from the forest reserves, and that the statute, 62 O.S. 1971 § 326, clearly authorizes the payment. The monies are sent by the Secretary of the Treasury of the United States to the state in which the national forest is situated. The funds are to be expended as the state legislature may prescribe for the benefit of public schools and public roads in the counties in which the national forest is situated. Section 326 provides that the monies on hand "be prorated and apportioned among the various school districts of said counties situated and located contiguous to such Forest Reserves." We find no restriction in the statute which would prevent the disbursement of funds where the school district is in another county, as long as the school district meets the requirement of being contiguous to a forest reserve. The appellant school district is contiguous and is thus entitled to participate in its proportionate share of the federal funds.
The County Treasurer of LeFlore County is therefore ordered to disburse funds to the Smithville School District.
REVERSED.
LAVENDER, C.J., and WILLIAMS, BARNES, SIMMS and DOOLIN, JJ., concur.
IRWIN, V.C.J., and HARGRAVE and OPALA, JJ., dissent.
IRWIN, Vice Chief Justice, dissenting.
In my opinion, the Smithville School District (appellant) is entitled to a proportionate share of the Forest Reserve rental moneys based only upon the student population from LeFlore County. I find no basis for apportionment based upon any student population from McCurtain County. If appellant is entitled to apportionment based upon the student population of both counties, it would also be entitled to an apportionment from both counties if the Smithville School District were contiguous to a Forest Reserve in McCurtain County. Surely the Legislature did not intend this result and the enactment should not be so construed.[1]
*92 The opinion of the Attorney General does not disclose whether the school districts were located in one or more counties.
I respectfully dissent.
I am authorized to state that Justices HARGRAVE and OPALA concur in the views herein expressed.
NOTES
[1] The statute 62 O.S. 1971 § 326 provides:

"From and after the passage of this Act, each County Treasurer of this State shall, out of any funds now on hand and any funds hereinafter received by him from the United States Government as said County's share of the rentals from Forest Reserves located therein, immediately apportion same as follows:
1st. Twenty-five per centum of all money now on hand and hereinafter received to be prorated and apportioned among the various school districts of said counties situated and located contiguous to such Forest Reserves, according to the scholastic population thereof;
2nd. Seventy-five per cent (75%) of all such money now on hand and hereinafter received, shall be deposited in a special road fund to be expended on county highways leading into and away from such Forest Reserves, under the direction and supervision of the Board of County Commissioners of such County."
[2] It is provided by 16 U.S.C. § 500 in pertinent part:

"Twenty-five per centum of all moneys received during any fiscal year from each national forest shall be paid, at the end of such year by the Secretary of the Treasury to the State in which such national forest is situated, to be expended as the State legislature may prescribe for the benefit of the public schools and public roads of the county or counties in which such national forest is situated: Provided, That when any national forest is in more than one State or county the distributive share to each from the proceeds of such forest shall be proportional to its area therein. In sales of logs, ties, poles, posts, cordwood, pulpwood, and other forest products the amounts made available for schools and roads by this section shall be based upon the stumpage value of the timber."
[3] King County v. Seattle School Dist. No. 1, 263 U.S. 361, 44 S.Ct. 127, 68 L.Ed. 339, 341 (1923).
[4] In re Blain, 197 Okl. 459, 172 P.2d 795, 799 (1946).
[5] Maumee School Tp. v. School Town of Shirley City, 159 Ind. 423, 65 N.E. 285, 286 (1903).
[6] Joaquin Ind. School Dist. v. Fincher, 510 S.W.2d 98, 103 (Tex.Civ.App. 1974).
[7] Lowery v. Oklahoma Beverage Control Board, 584 P.2d 720, 724 (Okl. 1978).
[1] In Protest of Chicago, R.I. & P. Ry. Co., 137 Okl. 186, 279 P. 319 (1929) we held:

"Legislative intent must govern in construction of statutes; entire act must be considered, together with other enactments on same subject, in determining legislative intent; words of statutes may be modified, altered, or supplied, to give statute force and effect which Legislature intended.
Courts are bound to presume that Legislature did not intend absurd consequences in accordance with literal meaning of statute; courts are bound to adopt construction of statute which will promote ends of justice and avoid absurdity."