Ronnie Ray McCULLICK, Appellant,

v.

The STATE of Oklahoma, Appellee.

The STATE of Oklahoma, Appellant,

v.

Rhena Navajo EDWARDS, Appellee.

Nos. M–83–418, S–83–751.

Court of Criminal Appeals of Oklahoma.

May 31, 1984.

## ORDER

These cases were consolidated by order on April 19, 1984, to decide whether evidence that a defendant charged with Driving While Under the Influence of Alcohol refused to submit to a chemical sobriety test is admissible at a trial on the merits.

The appellant in Case No. M–83–418, Ronnie Ray McCullick, was convicted in the District Court of Kay County after such evidence was admitted by the trial court.

---

He was sentenced to twenty (20) days in the county jail, fined five hundred dollars ($500), and appeals.

In Case No. S–83–751, the trial court excluded evidence showing that the accused, Rhena Navajo Edwards, refused to submit to a sobriety test. She was acquitted, and the State appeals the trial court's decision on a question of law reserved.

■ The parties to these appeals freely admit that this Court has held consistently that such evidence is inadmissible. See, *Mathes v. State*, 552 P.2d 415 (Okl.Cr. 1976), *Engler v. State*, 316 P.2d 625 (Okl. Cr.1957). Relying on *South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983), in which the Supreme Court held that a state statute allowing evidence of a refusal to be used against the accused did not violate the Fifth Amendment, the State argues that such evidence is now admissible in Oklahoma.

We take judicial notice that the judges of the Seventh Judicial District sitting en banc, found that *Neville*, supra, did not affect a change in Oklahoma law.

■ A plain reading of Oklahoma's Implied Consent Law, 47 O.S.Supp.1983, §§ 751 et seq, demonstrates that the legislature granted an absolute right to one arrested for DUI to refuse to submit to a test to determine the alcohol content of his blood, although not without certain consequences attaching to said refusal. The only sanction provided, however, is revocation of the driver's license of one who refused to submit to a sobriety test.

■ We find that this is a proper instance for applying the maxim "expressio unius est exclusio alterius," meaning that the mention of one thing in a statute implies exclusion of another. *State v. Smith*, 539 P.2d 754 (Okl.Cr.1975). We note that the legislature is currently debating the merits of House Bill No. 1432, which would allow evidence of a refusal to take a sobriety test to be admitted in a criminal prosecution against the accused. The admission or exclusion of such evidence is a proper matter to be resolved by the legislative branch of government within the framework of the constitution.

In accordance with our decisions in *Mathes,* supra, and *Engler,* supra, the judgment and sentence appealed from in Case No. M–83–418 is hereby REVERSED and the cause REMANDED to the District Court of Kay County for further proceedings not inconsistent with the views expressed herein.

The trial court's decision in Case No. S–83–751 is hereby AFFIRMED.

IT IS SO ORDERED.

WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 30th day of May, 1984.

HEZ J. BUSSEY, P.J.
ED PARKS, J.
TOM BRETT, J.