**J. BROTTON CORPORATION
d/b/a Chances, Appellee,**

v.

**OKLAHOMA ALCOHOLIC BEVERAGE
LAWS ENFORCEMENT COMMISSION,
Appellant,**

**and**

**Columbo Foods, Inc., Intervenor.**

**No. 71526.**

Supreme Court of Oklahoma.

Dec. 3, 1991.

**684**

W. Kurt Morgan, Oklahoma City, for appellant, Oklahoma Alcoholic Beverage Laws Enforcement Com'n.

James E. Weger, Jones, Givens, Gotcher, Bogan & Hilborne, for appellee, J. Brotton Corp.

ALMA WILSON, Justice:

The sole issue in this appeal is whether colleges and universities may be included in the definition of "public school" under 37 O.S.Supp.1990, § 518.2.[1] That statute prohibits the placement of liquor establishments within 300 feet of any public school. This issue arose out of an application filed by the Appellee, J. Brotton Corporation (Brotton). Brotton requested a mixed beverage license for a club named Chances (Chances) owned and operated by Brotton. The location of Chances is directly across the street from Oklahoma State University's main campus. The ABLE Commission denied the license. The Commission based their decision on § 518.2, which specifically prohibits location of retail package stores, mixed beverage establishments or bottle clubs within 300 feet of a church regularly used for religious purposes or a public school. The focus of this appeal is the ABLE Commission's definition of "public school." Pursuant to Article II, section 16 of the Rules and Regulations of the ABLE Commission,[2] Oklahoma State University is a public school. Brotton challenges the ABLE Commission's definition of public school. According to Brotton, public schools do not include institutions of higher learning.

Brotton argues that the ABLE Commission should not define public schools to include colleges and universities because the legislature intended to protect children and not adults from the perils of liquor. According to Brotton the primary objective of § 518.2 is to keep establishments that serve liquor at a reasonable distance from institutions in which the best interest and welfare of those attending these institutions may be adversely affected. Brotton urges the Court to look to article .I, § 5[3], article XIII, § 1[4] and article XIII–A, § 1[5] of the Oklahoma Constitution in defining the term "public school." However, it is not clear that the legislature intended Oklahoma statutory provisions providing for the establishment and maintenance of a public school system to be used in defining schools for the purpose of rules and regulations dealing with alcoholic beverages.[6] In

---

1. 1985 Okla.Sess.Laws, ch. 6, § 68.

2. "The term 'public school,' as used in these Rules and Regulations, shall include all schools supported, in whole or in part, by taxation of any kind or character within the State of Oklahoma, and shall also include all schools which may be attended by the public offering educational instruction equivalent to that offered in public grade schools, public high schools, public preparatory schools, and colleges and universities having authority to award recognized degrees." ABLE Commission Rules and Regulations art. II, § 16, 2 Okla.Reg. No. 8, p. 2084 (1985).

3. "Provisions shall be made for the establishment and maintenance of a system of public schools, which shall be open to all the children of the state and free from sectarian control; and said schools shall always be conducted in English...." OKLA.CONST. art. I, § 5.

4. The Legislature shall establish and maintain a system of free public schools wherein all the children of the State may be educated. OKLA. CONST. art. XIII, § 1.

5. "All institutions of higher education supported wholly or in part by direct legislative appropriations shall be integral parts of a unified system to be known as 'The Oklahoma State System of Higher Education.'" OKLA.CONST. art. XIII–A, § 1.

6. The dissent would engraft constitutional and statutory provisions regarding the establishment and maintenance of a public school system with the provisions of 37 O.S.Supp.1990, § 518.2 (1985 Okla.Sess.Laws, ch. 6, § 68), which provides for the protection of certain educational activities. The dissent would make a term of art out of the phrase "public schools" and cites 70 O.S.1981, § 1–106. That statute provides: "The public schools of Oklahoma shall consist of all free schools supported by public taxation and shall include either K–6 or K–8, and secondary schools, not to exceed two (2) years of

Oklahoma there are no reported cases that address the definition of "school" pursuant to the alcoholic beverage statutes.

In determining whether Oklahoma State University is a "public school" within the meaning of § 518.2, legislative intent must be determined, as the legislature did not define the term "public school" within this statute. This Court has established that "[t]he ascertainment of legislative intent is the cardinal rule of statutory construction." *Riffe Petroleum Co. v. Great Nat'l Corp.*, 614 P.2d 576, 579 (Okla.1980). Section 518.2 prohibits the location of retail package stores, mixed beverage establishments or bottle clubs within 300 feet of any church or school. By enacting this statute the legislature apparently intended to avoid disruption of religious or educational activities. The statute does not provide cause to infer that the legislature merely intended to protect minors by this legislation.

Section 518.2 is part of the Oklahoma Alcoholic Beverage Control Act amended by the legislature in 1985.[7] The act itself in § 88 explicitly provides for the protection of persons under twenty-one regarding sales of alcoholic beverages in lounges or bars.[8] Because a portion of the act protects those under twenty-one, and minors are persons under eighteen years of age,[9] then the act serves to protect some adults as well. As that fact is evident, it is probable that the legislature intended to protect adults under the age of twenty-one who are students of universities as well. Although this fact is persuasive to this Court, it is not dispositive.

■■■■ The Oklahoma Legislature delegated to the ABLE Commission the power to "promulgate rules and regulations, in the manner herein provided, to carry out the purposes of the Oklahoma Alcoholic Beverage Control Act...." 37 O.S.Supp. 1990, § 514 (1985 Okla.Sess.Laws, ch. 6, § 15). While it is well settled that the power to formulate laws within this jurisdiction is legislative, "the power to make rules of a subordinate character in order to carry out that policy and apply it to vary-

junior college work, night schools, adult and other special classes, vocational and technical instruction and such other school classes and instruction as may be supported by public taxation or otherwise authorized by laws which are now in effect or which may hereafter be enacted." The language of this statute explicitly permits the inclusion of junior colleges and its language is broad enough to include universities that are supported by public taxation or otherwise authorized by law, which would include Oklahoma State University (70 O.S.Supp.1991, § 3201, 70 O.S.1981, § 3210). But the purpose of the Oklahoma School Code (70 O.S.1981, §§ 1–101 through 1–121) was "to provide for a state system of public school education and for the establishment, organization, operation and support of such state system," (70 O.S.1981, § 1–102) not to define "public schools" wherever the term is found within our statutes. The definition was not written for the purpose of aiding in the enforcement of the liquor laws.

The dissent also cites case law to support a more limited definition of public schools. In *Regents of University of Oklahoma v. Board of Education,* 20 Okla. 809, 95 P. 429 (1908), this Court determined that "public schools" as used in article 13, § 1 of our constitution did not include in its meaning, the University of Oklahoma. The issue in that case involved whether the authority of the Board of Education to control and regulate public schools as provided by article 13, § 1, included all schools supported by public funds, including the University of Okla-

homa or whether the legislature had the authority to place the Board of Regents in control of the university, to the exclusion of the Board of Education. After defining "public schools" to exclude the Board of Education from control of the university, this Court added: "We do not lay down as a rule to which there is no exception that the terms 'public schools' and 'common schools' are always interchangeable terms. There may be circumstances under which the term 'public schools' might be conceived to include the University or other institutions of higher learning in the state." 95 P. at 432. Such a circumstance is now before this Court.

7. 1985 Okla.Sess.Laws, ch. 6.

8. Section 88 provides in pertinent part: "If the premises of a licensee of the Alcoholic Beverage Laws Enforcement Commission contains a separate or enclosed lounge or bar area, which has as its main purpose the sale or distribution, for consideration, of alcoholic beverages for on-premises consumption, notwithstanding that as an incidental service, meals or short order foods are made available therein, no person under twenty-one (21) years of age shall be admitted to such area." 1985 Okla.Sess.Laws, ch. 6, § 88, codified 37 O.S.Supp.1985, § 598, subsequently amended 1989 Okla.Sess.Laws, ch. 3, § 5 and ch. 340, § 7.

9. 15 O.S.1981, § 13.

ing conditions, although partaking of a legislative character, is in its dominant aspect administrative and can be delegated." *Hart v. Oklahoma Alcoholic Beverage Control Bd.*, 412 P.2d 142, 150 (Okla.1966). Further, rules and regulations enacted by the administrative agency in pursuance of legislative authority "are presumed to be reasonable and valid, and the burden of establishing the contrary rests on the complaining party." *Hart*, 412 P.2d at 152.

In *Peterson v. Oklahoma Tax Comm'n*, 395 P.2d 388, 391 (Okla.1964), this Court held "[t]he long-continued construction of a statute by a department of government charged with its execution is entitled to great weight and should not be overturned without cogent reasons; where the legislature has convened many times during this period of administrative construction without expressing its disapproval, such silence may be regarded as acquiescence in or approval of the administrative construction." The ABLE Commission, and its predecessor, the Oklahoma Alcoholic Beverage Control Board, have used their definition of the term "public school" since 1959.[10]

In *Oral Roberts Univ. v. Oklahoma Tax Comm'n*, 714 P.2d 1013, 1017 (Okla.1985), the Oklahoma Tax Commission attempted to restrict its policy interpretation of the church exemption. In this case of first impression, this Court commented concerning legislative acquiescence to a long standing construction of a statute by an administrative agency:

> We as a Court are not required to perceive at this late date the intent of that legislature. The Tax Commission's own undeviating position for at least 37 years plus the legislature's disinclination to modify the substance of the statute during that period has now caused the original construction to be so firmly entrenched that the Commission may not

with the stroke of a pen undo it. That would be a power reserved only to the legislature.

Like the Oklahoma Tax Commission's long standing construction of the church exemption, the Oklahoma Alcoholic Beverage Control Board construed the term "public schools" in 1959, and the ABLE Commission adopted the same construction. If the construction were improper, the legislature has had since 1959 to change the construction by defining the term "public schools" within the liquor laws. But the legislature has chosen not to do so.

■ Since the legislature has declined to define the term in subsequent legislative action, acquiescence or approval of the ABLE Commission definition can be assumed. Further, "Words employed in the original or antecedent Act will be presumed to be used in the same sense in the amendatory enactment." *Letteer v. Conservancy District No. 30*, 385 P.2d 796, 800–801 (Okla.1963).

■ In essence, the goals and purpose of § 518.2 would be defeated if the definition of school were limited in the manner urged by Brotton. Since the interpretation of the statute is reasonable and legislative intent is supported by the definition of school adopted by the ABLE Commission it is the duty of this Court to uphold article II, § 13 of the ABLE Commission Rules and Regulations.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF APPEALS VACATED; JUDGMENT OF THE TRIAL COURT REVERSED.

HODGES, V.C.J., and LAVENDER, HARGRAVE and SUMMERS, JJ., concur.

OPALA, C.J., and SIMMS, DOOLIN and KAUGER, JJ., dissent.

---

10. The ABLE Commission was created with the adoption of State Question No. 563 by election held on Sept. 18, 1984. Okla.Const. art. XXVIII, § 1. Its predecessor, the Oklahoma Alcoholic Beverage Control Board had defined the term "public school" after the Oklahoma Alcoholic Beverage Control Act was first enacted. 1959 Okla.Sess.Laws, pp. 141–173. The State Library records reveal that the Board, on July 23, 1959, filed a copy of the definition of the term "public school" as an amendment to Article 1, of its Rules and Regulations, and designated the amendment as Section 33. In a revision of the Rules and Regulations of the Board, April 18, 1961, the definition was found in Article II, § 28.

DOOLIN, Justice, dissenting: I dissent because state universities and colleges are not "public schools."

KAUGER, Justice, with whom OPALA, Chief Justice, and SIMMS, and DOOLIN, Justices, join, dissenting:

Although I might agree with the result reached by the majority opinion, I cannot concur in its legal definition of a "public school." The majority assigns a meaning to "public schools" which contravenes the Oklahoma Constitution,[1] the Oklahoma statutes,[2] and Oklahoma case law.[3]

The majority opinion bases its determination that the term "public school" as used in 37 O.S.Supp. 1985 § 518.2[4] includes institutions for higher education on: 1) The

---

1. The Okla. Const. art. 1, § 5 provides:

    "Provisions shall be made for the establishment and maintenance of a system of public schools, which shall be open to all the children of the state and free from sectarian control; and said schools shall always be conducted in English: Provided, that nothing herein shall preclude the teaching of other languages in said public schools."

2. Title 37 O.S.Supp.1985 § 518.2 provides in pertinent part:

    "The location of a retail package store, mixed beverage establishment or bottle club shall be subject to the nondiscriminatory zoning ordinances of the town or city in which located, and the location of such entities is specifically prohibited within three hundred (300) feet from any church property primarily and regularly used for worship services and religious activities, or public school...."

    See also, 70 O.S.1981 § 1–106 providing:

    "The public schools of Oklahoma shall consist of all free schools supported by public taxation and shall include nurseries, kindergartens, elementary, which may include either K–6 or K–8, and secondary schools, not to exceed two (2) years of junior college work, night schools, adult and other special classes, vocational and technical instruction and such other school classes and instruction as may be supported by public taxation or otherwise authorized by laws which are now in effect or which may hereafter be enacted."

    The majority opinion would use § 1–106 as support for the proposition that colleges and universities are included within the meaning of 37 O.S.Supp.1985 § 518.2. In reaching this conclusion, the opinion provides that the explicit listing of junior colleges within § 1–106 necessitates the inclusion of colleges and universities within the meaning of § 518.2. This grouping of colleges and universities in a statute prescribing a specific list of institutions ignores the

---

ABLE Commission's *previously unchallenged rule* which includes colleges and universities within its art. 2, § 16 definition of "public schools."[5] and 2) This Court's pronouncement in *Oral Roberts Univ. v. Oklahoma Tax Comm'n*, 714 P.2d 1013, 1017 (Okla.1985), that an agency may not unilaterally abrogate a long-standing administrative rule whose substance the Legislature has by inaction accepted.

### A.

We have not felt restrained previously from reviewing rules promulgated by the agency charged with regulation of alcoholic beverage laws within Oklahoma.[6] We

---

maxim, *expressio unius est exclusio alterius*, mention of one thing in a statute implies exclusion of another. *In re Arbuckle Master Conservancy Dist.*, 474 P.2d 385, 391–92 (Okla.1970); *McCullick v. State*, 682 P.2d 235–36 (Okla.Crim. 1984). Hence, colleges and universities are not included.

3. In *Regents of Higher Educ. v. Board of Educ.*, 20 Okla. 809, 95 P. 429–30 (1908), this Court determined that the term "public school" did not include within its meaning a state university. Although the Court indicated in *Regents* that under proper circumstances the term "public school" might include colleges and universities, the Legislature did not indicate that any special meaning was to be accorded "public schools" pursuant to § 518.2, see note 2, supra.

4. Title 37 O.S.Supp.1985 § 518.2, see note 2, supra.

5. ABLE Commission Rules and Regulations art. 2, § 16 (1985) provides:

    "The term 'public school,' as used in these Rules and Regulations, shall include all schools supported, in whole or in part, by taxation of any kind or character within the State of Oklahoma, and shall also include all schools which may be attended by the public offering educational instruction equivalent to that offered in public grade schools, public high schools, public preparatory schools, and colleges and universities having authority to award recognized degrees."

6. The agency so charged is now the ABLE Commission. Its predecessor was the ABC Board, see discussion at 686, infra. The Okla.Const. art. 28, § 1 provides in pertinent part:

    "There is hereby created the Alcoholic Beverage Laws Enforcement Commission. The Purpose of the Commission shall be to en-

should not be so constrained here. In *Oklahoma Alcoholic Beverage Control Bd. v. Moss,* 509 P.2d 666, 669 (Okla.1973), this Court found that the ABC Board was without authority to make a rule in derogation of a statute providing for suspension of a license when the statute required the license's revocation. Here, the Legislature has provided that licensed retailers of alcoholic beverages shall not be located within 300 feet of *public schools.* There is no more authority for the ABLE Commission to expand the meaning of "public schools" here than there was for it to include unintentional acts within the meaning of a statute requiring intent in *Moss.* In *Oklahoma Alcoholic Beverage Control Bd. v. Welch,* 446 P.2d 268, 270–71 (Okla. 1968), *Wray v. Oklahoma Alcoholic Beverage Control Bd.,* 442 P.2d 309, 312 (Okla. 1968) and in *Oklahoma Alcoholic Beverage Control Bd. v. Milam,* 393 P.2d 823, 827 (Okla.1964), we held that the ABC Board lacked authority to promulgate a rule making the license of a retail package store licensee subject to suspension solely because of acts of its employees.

In addition to its reference to public schools in 37 O.S.Supp. 1985 § 518, the Legislature has also addressed the issue of placement of establishments selling nonintoxicating beverages.[7] Pursuant to 37 O.S.Supp. 1987 § 163.24, it is unlawful to sell nonintoxicating beverages which include 3.2% beer for on-premises consumption within 300 feet of any public school.[8]

The ABLE Commission has no authority over licensing of establishments to sell nonalcoholic beverages.[9] Neither § 518 nor § 163.24 refer to colleges or universities. The ABLE Commission's rule, art. 2, § 16, has no application to nonalcoholic beverages. Had the Legislature intended to include colleges and universities within the purview of the statutes governing either alcoholic or nonalcoholic beverages, it could have done so. It has not.

### B.

The Oklahoma Constitution art. 1, § 5[10] provides for the establishment of public schools in Oklahoma. Only ten years after statehood, this Court defined the term "public schools" in *Board of Educ. v. Corey,* 63 Okla. 178, 163 P. 949, 953 (1917). In *Corey,* the term "public schools" was found to be equivalent to "common schools." Public schools were defined as those open to all eligible children possessing the necessary educational attainments, free of tuition, and under the control of the board of education. In *Corey,* we stated that:

**"No other view is tenable under the Constitution or statutes of this state."**

In *Regents of Higher Educ. v. Board of Educ.,* 20 Okla. 809, 95 P. 429–30 (1908), this Court determined that the term "public school" used in art. 1, § 5 was synonymous with common schools, and that it did not include a state university. Title 37

---

force the alcoholic beverage laws of the State, and the Commission shall have such power and authority to enforce such laws, rules and regulations as shall be prescribed by the Legislature. . . ."

7. Title 37 O.S.Supp.1990 § 163.2 provides in pertinent part:

"In the administration of this act the following words and phrases are given the meanings respectively indicated:
(a) 'Nonintoxicating beverages' means and includes beverages containing more than one-half of one percent (½ of 1%) alcohol by volume, and not more than three and two-tenths percent (3.2%) alcohol by weight, including but not limited to beer or cereal malt beverages obtained by the alcoholic fermentation of an infusion of barley or other grain, malt or similar products. . . ."

8. Title 37 O.S.Supp.1987 § 163.24 provides in pertinent part:

"From and after the effective date of this act, it shall be unlawful for any place licensed to sell nonintoxicating beverages as defined in paragraph (a) of Section 163.2 of this title, for on-premise consumption to be located within three hundred (300) feet from any public school . . ."

9. The Okla.Const. art. 28, § 2 provides in pertinent part:

"The terms and provisions of this Amendment, and laws enacted by the Legislature pursuant hereto, shall not include nor apply to any beer or cereal malt beverage containing not more than three and two-tenths percent (3.2%) of alcohol by weight . . ."

10. The Okla.Const. art. 1, § 5, see note 1, supra.

O.S.Supp. 1985 § 518.2 provides that a retail package store, mixed beverage establishment or bottle club shall not be located within 300 feet of a public school[11]—it makes no reference to a college or university. Because of the restricted definition of "public school" contained within the Oklahoma Constitution art. 1, § 58 and the Legislature's reference to public schools in § 518.2, the ABLE Commission may not, through the rule making process, expand the meaning of the term "public school" to include colleges and universities.[12]

The Oklahoma Constitution distinguishes colleges and universities from public schools by authorizing the existence of institutions of higher education. Art. 13–A, § 1 provides for the creation of a unified system of higher education. If colleges and universities were considered "public schools," it would have been unnecessary to provide for separate treatment under the guise of art. 13–A, § 1.[13]

The facts presented here differ significantly from those found in *Oral Roberts Univ.* In *Oral Roberts Univ.*, the Oklahoma Tax Commission attempted to apply the sales tax to a church supported school. The Tax Commission in *Oral Roberts Univ.* had on two separate occasions assured administrators of the college that it was exempt from the payment of Oklahoma sales and use taxes. Nine years after the last representation to the university, the Tax Commission reversed its position on the tax exemption. We refused to allow the Tax Commission to unilaterally reverse its prior interpretation of the sales tax statute. In so doing, we recognized that the duly enacted rules and regulations of an administrative agency are entitled to deference. The facts here do not reveal any prior representation by the ABLE Commission which would result in reliance on its definition of public schools found in art. 2, § 16.[14]

The sale of liquor for consumption by the drink has been legal in Oklahoma only since November 6, 1984. On that date, the people adopted art. 28, § 4 of the Oklahoma Constitution allowing individual counties to approve retail sale of liquor by the individual drink.[15] ABLE Commission Rules and Regulations have existed as ABLE Commission rules only since 1984. Prior to 1984, the regulating agency was the Oklahoma Alcoholic Beverage Control Board (ABC Board).[16] This case was filed on December 11, 1987. Certiorari was granted on October 18, 1990 to determine whether "public schools" within the meaning of 37 O.S.Supp. 1985 § 518.2[17] and the ABLE Commission rule, art. 2, § 16[18] include colleges and universities. This is the first time this issue has been presented for review.

**11.** Title 37 O.S.Supp.1985 § 518.2, see note 2, supra.

**12.** The instant cause differs from the one presented in *Lowery v. Oklahoma Alcoholic Beverage Control Bd.*, 584 P.2d 720, 722 (Okla.1978), in which we found that a statute promulgated by the Legislature and included within the Oklahoma Alcoholic Beverage Control Act, 37 O.S.1981 § 502 et seq., need not encompass the same definition of a city block as did the real property statutes. An agency rule was not at issue in *Lowery* and no constitutional provision existed controlling the definition of a city block.

**13.** The Okla.Const. art. 13–A, § 1 provides:

"All institutions of higher education supported wholly or in part by direct legislative appropriations shall be integral parts of a unified system to be known as 'The Oklahoma State System of Higher Education.'"

**14.** ABLE Commission Rules and Regulations art. 2, § 16 (1985), see note 5, supra.

**15.** The Okla.Const. art. 28, § 2 provides in pertinent part:

"... Retail sale of alcoholic beverages by the individual drink or on-premises consumption is hereby authorized within a county if the voters of such county have previously approved such retail sale at an election."

**16.** The Okla.Const. art. 27, § 1 provides in pertinent part:

"There is hereby created the Oklahoma Alcoholic Beverage Control Board, the members of which shall be appointed by the Governor, with the advice and consent of the State Senate...."

Art. 27, §§ 1–11 were repealed by State Question No. 563, Initiative Petition No. 319, adopted at the election held on September 18, 1984.

**17.** Title 37 O.S.Supp.1985 § 518.2, see note 2, supra.

**18.** ABLE Commission Rules and Regulations art. 2, § 16 (1985), see note 5, supra.

Art. 13, § 1 of the Okla.Const. mandates that education in the public schools is to be free.[19] Taken to the extreme, the majority opinion could mandate free tuition at all colleges and universities. I cannot concur because the term "public schools" is not only a term of art, but also a term with a constitutional definition.

19. The Okla.Const. art. 13, § 1 provides: "The Legislature shall establish and maintain a system of free public schools wherein all the children of the State may be educated."