Dear Executive Director Hendrix,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Does the Oklahoma State Board of Examiners for Nursing Home Administrators have the authority to grant a waiver of the restriction which prohibits an administrator of an intermediate care facility for the mentally retarded with sixteen or fewer beds (ICF-MR/16) from also serving as administrator of an eighty-bed intermediate care facility for the mentally retarded or from also serving as administrator of a seventy-five-bed nursing facility?
 Background
¶ 1 Last year we determined in Attorney General Opinion 04-1 that the Oklahoma State Board of Examiners for Nursing Home Administrators ("Board") has the authority pursuant to 63 O.S.2001, §§ 330.51-330.63[63-330.51-330.63][1] to limit the number of nursing facilities served by an administrator. We also determined that the Board may grant a waiver of the one administrator-one nursing home restriction based upon the showing of an emergency, public necessity or other such conditions evincing an undue burden upon the operation of the facility. A.G. Opin. 04-1, at 7. We noted that the granting of a waiver is subject to the requirements of the Oklahoma Administrative Procedures Act (75 O.S. 2001 Supp.2004, §§ 250-323) and concluded that the Board must develop administrative rules to implement the waiver provision. Id.
¶ 2 You now ask the more specific question of whether the Board may grant a waiver of the one administrator-one nursing home restriction to allow an administrator of an intermediate care facility for the mentally retarded with sixteen or fewer beds (ICF-MR/16) to also serve as an administrator of a large intermediate care facility for the mentally retarded, or to serve as administrator of a large nursing facility. You specifically ask whether the Board may grant a waiver for an administrator to serve as administrator of a seventy-five-bed nursing facility and an ICF-MR/16 or to serve as administrator of an eighty-bed ICF/MR and an ICF-MR/16.
 The One Administrator-One Nursing Home Restriction
¶ 3 We first need to consider whether Oklahoma law allows a nursing home administrator to serve as administrator of more than one facility in the situation you reference. This question is governed by Section 330.51(2) of Title 63. That statute defines "nursing home administrator" in the following manner:
 2. "Nursing home administrator" means a person licensed by the State of Oklahoma who is in charge of a facility. A nursing home administrator must devote at least one-third (1/3) one-half (1/2) of such person's working time to on-the-job supervision of such facility; provided that this requirement shall not apply to a nursing home administrator of an intermediate care facility for the mentally retarded with sixteen or fewer beds (ICF-MR/16), in which case the person licensed by the state may be in charge of more than one ICF-MR/16, if such facilities are located within a circle that has a radius of not more than fifteen (15) miles, and the total number of facilities and beds does not exceed six facilities and sixty-four beds. The facilities may be free-standing in a community or may be on campus with a parent institution. The ICF-MR/16 may be independently owned and operated or may be part of a larger institutional ownership and operation[.]
2005 Okla. Sess. Laws ch. 168, § 1 (amending 63 O.S. 2001, §330.51[63-330.51]).
¶ 4 In Attorney General Opinion 04-1, we considered whether the Board's 1998 adoption of an administrative rule, OAC 490:10-1-6, which prevented a nursing home administrator from serving as the administrator of more than one nursing facility and created a waiver of that restriction, was a proper exercise of the Board's rulemaking authority. A.G. Opin. 04-1, at 7. The pertinent part of OAC 490:10-1-6 provides:
 (a) Nursing Home Administrators licensed by the Board shall not concurrently serve as the administrator of more than one nursing facility. The Board shall have the authority to grant a waiver of this restriction upon the showing of emergency, public necessity or other such conditions evidencing undue burden upon the operation of the facility. This restriction shall not apply to ICF/MR-16 [sic] beds and less.
Id.
¶ 5 We concluded that, because the Legislature had authorized the Board to develop standards and "[e]stablish and carry out procedures designed to ensure that individuals licensed as nursing home administrators will, during any period that they serve as such, comply with the requirements of such standards" the Board's administrative rule was valid. 2005 Okla. Sess. Laws ch. 168, § 3(4) (amending 63 O.S. 2001, § 330.58[63-330.58](d)); A.G. Opin. 04-01, at 5. This is consistent with the recognition that rules and regulations enacted by administrative agencies are presumed to be reasonable and valid. J. Brotton Corp. v. Okla.Alcoholic Beverage Laws Enforcement Comm'n, 822 P.2d 683, 686
(Okla. 1991) (citation omitted).[2]
¶ 6 The standard we used in Attorney General Opinion 04-1 for determining whether the administrative rule was valid included: "(1) whether the rulemaking power is within the authority granted by the Legislature; (2) whether the rule is supported by the intent of the Legislature, and not in derogation of the legislative purpose; and (3) whether the agency's interpretation of legislative intent is reasonable." Id. at 4-5 (citations omitted). The rationale behind our conclusion in A.G. Opin. 04-1 that the rule was valid was the language of Section 330.51(2) of Title 63, providing that a nursing home administrator might be in charge of more than one facility if: (1) it is an "intermediate care facility for the mentally retarded with sixteen or fewer beds"; (2) "such facilities are located within a circle that has a radius of not more than fifteen (15) miles"; and (3) "the total number of facilities and beds does not exceed six facilities and sixty-four beds." Id. The Legislature, at least by implication, showed its concern with an administrator serving more than one facility. See id.; A.G. Opin. 04-1, at 6.
¶ 7 The statute and the administrative rule prohibit an administrator from being in charge of more than one facility unless both facilities are ICF-MR/16 facilities which are located within a radius of not more than fifteen miles and that combined do not exceed six facilities and sixty-four beds. See
2005 Okla. Sess. Laws ch. 168, § 1(2) (amending 63 O.S. 2001, §330.51[63-330.51](2)); OAC 490:10-1-6. Application of the statute and the rule would preclude a nursing home administrator from serving as administrator of both a sixteen-bed intermediate care facility for the mentally retarded and a seventy-five-bed nursing facility, as the total of those two facilities would exceed sixty-four beds and the facilities are not both ICF-MR/16 facilities. For the same reasons Oklahoma law would also necessarily preclude an administrator from serving both a sixteen-bed intermediate care facility for the mentally retarded and an eighty-bed intermediate care facility for the mentally retarded. Thus, the restriction would prohibit service of one administrator in the two situations you present in your question.
 Granting a Waiver of the One Administrator-One Nursing Home Restriction
¶ 8 Your question goes further, however, and asks whether the Board may grant a waiver of the restriction. We concluded in Attorney General Opinion 04-1 that "[t]he Oklahoma State Board of Examiners for Nursing Home Administrators has the authority to grant a waiver of the restriction of one administrator per nursing facility, based upon the showing of an emergency, public necessity or other such conditions evidencing an undue burden upon the operation of the facility, subject to requirements of the Administrative Procedures Act." Id. at 7. This conclusion was based upon the language of OAC 490:10-1-6(a) which stated, "[t]he Board shall have the authority to grant a waiver of this restriction upon the showing of emergency, public necessity or other such conditions evidencing undue burden upon the operation of the facility." Id.
¶ 9 The language of the administrative rule applies with equal force to the situation you present here. Although allowing a nursing home administrator of an ICF-MR/16 to also serve as administrator of other nursing facilities when the total beds would exceed sixty-four violates the restriction of Section 330.51(2) of Title 63, we have previously concluded that the Board has the authority to waive the restriction. A.G. Opin. 04-1, at 7. We note also that "[o]nce administrative rules are promulgated and successive legislative sessions are convened with no action to reject a rule, the Legislature's silence is regarded as proof of the lawmakers' consent." Walker v. Group HealthServ., Inc., 37 P.3d 749, 760 (Okla. 2001). The administrative rule OAC 490:10-1-6, originally authorizing the Board to grant a waiver of the one administrator-one nursing home restriction, became effective July 15, 1998. See id. The rule has not been rejected since that time. See id.
¶ 10 We concluded in Attorney General Opinion 04-1 that the Board must, by rule, establish a procedure for consideration of waiver requests under the Administrative Procedures Act. Id. at 7. We now note that the Board has done so with the implementation of OAC 490:10-1-7, which became effective July 1, 2004. That rule in pertinent part provides, "[t]he Board may grant a waiver of rule at 490:10-1-6.(a) [sic] after review of required documentation." OAC 490:10-1-7(a). The rule then sets forth the requirement that the owner of facilities requesting a waiver must show "(1) an emergency and/or (2) a public necessity and/or (3) conditions evidencing undue burden upon the operations of the facility." OAC 490:10-1-7(b). The remainder of the rule sets forth the following:
(c) Conditions and/or Requirements:
 (1) Facilities named in the request must be in substantial compliance with OSDH rules. Twenty (20) copies of all statement of deficiencies (CMS2567) including Plan of Corrections (POC) issued within the last 15 months, must be submitted for each of the facilities named in the request.
 (2) Administrator must be in good standing with OSBENHA [Oklahoma State Board of Examiners for Nursing Home Administrators]. A copy of the administrator's resume and all job titles, ie Administrator of Nursing Facility, Administrator of Assisted Living, DON [Director of Nursing], QMRP [Qualified Mental Retardation Professional], etc. must be provided.
 (3) Administrator must be familiar with the basic operations of the facilities named in the request, as indicated in the submitted resume and job titles.
 (4) The request must be submitted in writing to the Board office in sufficient time to meet agenda posting requirements per Open Meetings Act and to allow members adequate time to properly review the request. Therefore, written requests and supporting documents must be received by the Board office of [sic] at least seven (7) calendar days prior to scheduled Board meeting date.
 (5) Location of the facilities in relation to each other named in the request will be reviewed and considered in making a decision relating to the requests.
 (6) The administrator and the owner or owner representative must appear in person to present the waiver request to the full Board and to supply all documentation; ie financial, efforts made to fill present position and any other information requested by the Board. Twenty (20) copies of all written documentation in the request must be submitted.
 (7) The request must show the amount of time needed and must reflect reasons for the requested time period.
OAC 490:10-1-7.
¶ 11 The rule adopts certain requirements and places two restrictions on the waiver. Those restrictions are: (1) "[t]he waiver is issued to a specific administrator and specific facilities for a limited period of time, ie three (3) months," and "(2) [t]he waiver expires if the wavered [sic] administrator changes positions, if the facilities change ownership or after specified time period has been reached." OAC 490:10-1-7-(d). The adoption of this rule prevents the potential discriminatory application of the Board's discretion. See Hennessey v. Indep.Sch. Dist. No. 4, 552 P.2d 1141, 1145 (Okla. 1976) (holding the discretion of an administrative body may not be exercised in a discriminatory manner and must have a reasonable and rational basis).
¶ 12 If these administrative rules are followed and the appropriate findings made, the Board may grant a waiver of the one administrator-one nursing home restriction in the situation you reference. That waiver must be issued to a specific administrator for a three-month period of time; the waiver expires if the administrator changes position, if the facilities change ownership or when the specific time period has been reached. OAC 490:10-1-7-(d). There is no authority for extending the waiver beyond the three months. Id. If an applicant seeks an additional waiver of the one administrator-one nursing home restriction, the applicant must re-apply and begin the waiver consideration process anew.
¶ 13 It is, therefore, the Opinion of the Attorney Generalthat:
 1. It would constitute a violation of Section 330.51(2) of Title 63 for a nursing home administrator of an intermediate care facility for the mentally retarded with sixteen or fewer beds to serve as administrator of a seventy-five-bed nursing facility, as the total beds would exceed sixty-four and both facilities must be ICF-MR/16.
 2. It would constitute a violation of Section 330.51(2) of Title 63 for a nursing home administrator of an intermediate care facility for the mentally retarded with sixteen or fewer beds to serve as administrator of an eighty-bed intermediate care facility for the mentally retarded, as the total number of beds would exceed sixty-four.
 3. The Oklahoma Board of Examiners for Nursing Home Administrators may grant a waiver of the one administration-one nursing home rule if the owner of the facilities requesting the waiver demonstrates "(1) an emergency and/or (2) a public necessity and/or (3) conditions evidencing undue burden upon the operations of the facility," and other conditions implemented by OAC 490-10-1-7(b) are met. OAC 490-10-1-7(d) requires that the waiver be issued for no more than a three-month period of time. "The waiver expires if the wavered [sic] administrator changes positions, if the facilities change ownership or after the specified time period has been reached." Id. There is no authority for extending the waiver beyond three months. See id. If an applicant seeks an additional waiver of the one administrator-one nursing home restriction, the applicant must re-apply and begin the waiver consideration process anew.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 SANDRA D. RINEHART Senior Assistant Attorney General
[1] Several of the Sections were amended and new Sections enacted in the First Regular Session of the Fiftieth Legislature with an emergency clause and an effective date of May 13, 2005; however, these are not germane here. See 2005 Okla. Sess. Laws ch. 168.
[2] We also note that 63 O.S. 2001, § 330.53[63-330.53](A) grants the Board the authority to issue licenses to qualified persons as nursing home administrators and to "establish qualification criteria for such nursing home administrators." In addition, Section 330.57 of Title 63 grants the Board "sole and exclusive authority to determine the qualifications, skill and fitness of any person to serve as an administrator of a nursing home or specialized home."